## 48144. ST. PAUL FIRE & MARINE INSURANCE COMPANY v. PURDY.

STOLZ, Judge. Appellee Purdy sued his former employer, appellant St. Paul Fire & Marine Ins. Co., on a group accident and medical benefits insurance policy issued by it and covering its employees. The defendant appeals from the trial judge's order, certified for immediate review, overruling its motion for summary judgment. *Held:*

1. Regardless of whether the plaintiff's employment terminated on October 1, 1971, as the defendant contends, or on November 1, 1971 or thereabouts, as the plaintiff contends, the plaintiff's insurance automatically terminated on October 1 under the policy provision: "The insurance of the employee shall terminate automatically on the earliest of the following dates: . . . (3) the date of expiration of the period for which the last premium contribution was made for his insurance [October 1 here]; or. . . (6) the date of termination of the employee's employment with the Policyholder."

2. The plaintiff's coverage was not extended beyond October 1 by a 31-day grace period contained in the master policy (but not in the plaintiff's certificate of insurance) for the "policyholder," which is defined in the policy as the defendant employer-insurer. Even if the grace period applied to the plaintiff, moreover, no additional premium was in fact paid within such grace period.

3. The defendant is not barred by waiver or estoppel from denying coverage on the ground of the expiration of the plaintiff's insurance by reason of non-payment of the premium, by its previous reliance on the ground of the expiration of the insurance by reason of the contended termination of the plaintiff's employment, at the time of which previous reliance the plaintiff's cause of action or claim had already expired under the second defense. *Kaufman v. Young,* 32 Ga. App. 135 (5) (122 SE 822) and cits.; *Globe & Rutgers Fire Ins. Co. v. Atlantic & Gulf Shipping Co.,* 51 Ga. App. 904, 906 (181 SE 310) and cits.

4. The defendant's initial representation that the plaintiff was covered, does not estop it from later denying coverage. "[A] party may not admit liability, as a mere conclusion of law, where the facts positively show the absence of any liability. . ." *Rossville Fed. Sav. &c. Assn. v. Ins. Co. of N. A.,* 121 Ga. App. 435, 440 (174 SE2d 204) and cits.

5. The general coverage provision of the policy insured employees "against loss resulting from certain expenses *incurred by the employee while insured hereunder,* because of accidental bodily injuries . . . occurring to . . . the employee . . . subject to all the provisions, conditions, limitations, exclusions and other terms contained in this policy." (Emphasis supplied.) "While an ambiguous insurance contract will be liberally construed in favor of the insured, one which, when construed reasonably and in its entirety, unambiguously and lawfully limits the insurer's liability, cannot be expanded beyond what is fairly within its plain terms." *Hawkins Iron &c. Co. v. Continental Ins. Co.,* 128 Ga. App. 462 (1) (196 SE2d 903) and cits. Insurance is a matter of contract, not sympathy. *Duckett v. Piedmont Southern Life Ins. Co.,* 118 Ga. App. 3, 4 (162 SE2d 531) and cits. The unambiguous provisions of the policy, construed reasonably and in their entirety, indicate that the risk insured against is the "loss resulting from certain *expenses* [hence, the *economic* loss] incurred by the employee *while insured hereunder."* (Emphasis supplied.) Thus construed, the subject of the verb "incurred" is "expenses," rather than the injury itself, as the plaintiff contends.

Under "General exclusions and limitations" the policy provides: "No benefit shall be paid for expenses incurred for or due to:... (8) Dental surgery, dental treatment or care, or dental X-Rays, except for that necessitated by accidental bodily *injury* to sound natural teeth *occurring while this policy is in force* with respect

to the employee. . . " (Emphasis supplied.) This "exclusion and limitation" is a restriction on general coverage, which is not intended to, and does not, enlarge the risk covered by the policy otherwise.

This court, in *Ga. Farm Bureau Mut. Ins. Co. v. Calhoun,* 127 Ga. App. 213 (1a) (193 SE2d 35), followed the majority of foreign cases which have construed such provisions, holding that, in the absence of a definition of the term "incurred" in the policy, an expense is incurred, not at the time of the injury which causes the expenses, but at such time as the treatment is contracted for, performed, or paid for. Although the plaintiff sustained an accidental injury to his sound, natural teeth on September 12, 1971, while the policy was in force as to him, he did not even consult a dentist or otherwise incur expenses for treatment until October 5, 1971, after the October 1 expiration of his insurance.

There were no genuine issues of material fact and the showing demanded a finding as a matter of law that the defendant was not liable for the payment of the claimed expenses; therefore, the trial judge erred in overruling the defendant's motion for a summary judgment.

*Judgment reversed. Eberhardt, P. J., concurs. Pannell, J., concurs in the judgment only.*

ARGUED MAY 2, 1973 — DECIDED JULY 11, 1973.

*Hansell, Post, Brandon & Dorsey, Hugh E. Wright,* for appellant. *Paul Knight, Jr.,* for appellee.