## 65619. EQUITABLE GENERAL INSURANCE COMPANY v. JOHNSON.

BIRDSONG, Judge.

This appeal arises from a complaint pursuant to OCGA § 33-34-6 (Code Ann. § 56-3406b) by Johnson for attorney fees and

penalties for Equitable's alleged bad faith failure to pay Johnson's insurance claims within 60 days of his demand.

The appellee Johnson was allegedly injured in an automobile accident on February 7, 1980 in the course of his employment. The appellant, Equitable General Ins. Co., is the employer's insurer not only for workers' compensation coverage but also for the employer's vehicular personal injury protection (PIP). Johnson was paid workers' compensation benefits for the February 7 accident until March 1980. Johnson then apparently also filed a civil suit (Fulton No. 64829) against Equitable for personal injury insurance coverage. (See, as to coordination of such benefits, OCGA § 33-34-8 (Code Ann. § 56-3409b)).

At some time on or before July 11, 1980, Johnson's attorney agreed to accept $608.75 for this lawsuit claim. On August 14, 1980, Johnson's attorney sent Equitable a letter referencing no lawsuit or specific cause except "Your insured: GAB Services Inc./Claimant: George Johnson/Date of Accident: 2/7/80," and therewith demanded payment of a total of $1,221 in doctor's bills. At that time, on August 14, the civil lawsuit (Fulton No. 64829) in which Johnson claimed under Equitable's PIP coverage, was still pending. Six days later on August 20, Johnson's attorney sent Equitable's claims representative a letter referencing the civil lawsuit (Fulton No. 64829), and saying: "I am happy we were able to conclude the above-captioned matter, and I enclose herewith a copy of the Dismissal filed herein, which I trust will meet with your satisfaction." The dismissal, dated August 20, "dismisses [Johnson's] complaint. . . . with prejudice in consideration for the payment of the sum of $608.75, and does hereby authorize the Clerk of this Court to mark said case and cause terminated with prejudice."

Two months later, on October 20, Johnson again sued Equitable (Fulton No. 68001) alleging that he had "fully complied with [the policy] with regard to claims made for earnings and medical expenses" and stating that Equitable had "in bad faith denied or neglected to pay the said claims of Plaintiff" for 30 days, thus entitling Johnson to a 25% penalty and attorney fees; the August 14 letter demanding $1,221 was attached to the complaint.

On October 23, Johnson's attorney allegedly sent another letter demanding $1,250 for medical expenses and $2,020 for lost wages, for a total demand of $3,270. Equitable contends Johnson had also filed additional workers' compensation claims for any injuries or losses in August 1980, and that thus a correlation of benefits was in issue. In March 1981, Equitable's attorney and Johnson's attorney engaged in settlement discussions whereby it was agreed between them that Equitable would pay the PIP basic limit, $5,000, to Johnson for all

claims. However, Johnson repudiated or refused to approve this settlement. Equitable moved to have the settlement enforced.

On June 23, 1981, Johnson (without dismissing the pending No. 68001 suit) filed a third lawsuit (Fulton No. 76923) seeking the $3,270 he had allegedly demanded by letter of October 23. Equitable moved in July 1981 to dismiss this suit on the basis of prior pending action, and filed a brief citing Code Ann. § 3-601 (OCGA § 9-2-5) and two Georgia court decisions. Johnson fought this motion to dismiss on grounds that Equitable had failed to file a brief of legal authority. Johnson did not dismiss the prior pending action until September 1981. On September 23, he amended his third (remaining) lawsuit, No. 76923, to claim punitive damages for failure to pay in 60 days, in addition to 25% penalties and attorney fees, and attached thereto confusing exhibits containing his demands; but apparently these demanded the $1,250 and $2,020 allegedly claimed in the October 23, 1980 letter.

On February 3, 1982, Johnson's attorney made letter demand of $7,020 for lost wages. Johnson then on February 16 made a motion in limine and partial summary judgment seeking to establish that no settlement had been reached in March 1981, and to exclude all evidence of the March 1981 settlement negotiations in the "bad faith" trial.

But on March 31, 1982, Johnson's attorney by letters admitted to Equitable, for the first time, that the correlation of workers' compensation and personal injury insurance benefits provisions of OCGA § 33-34-6 (Code Ann. § 56-3406b) were applicable, and that inasmuch as he had been paid $608.75 (on or before August 20, 1980) and Equitable claimed $930 was all that was additionally (allegedly) owed, the total of these two figures was $1,538.75, leaving from the $5,000 policy limits a balance of $3,461.25 "which defines our demand." Notwithstanding the confusion inherent in this "demand," Equitable forthwith paid Johnson $3,461.25. Equitable filed a motion for summary judgment with respect to the substance of Johnson's personal injury insurance claims.

In April 1982, Equitable filed a motion for partial summary judgment with respect to Johnson's "bad faith" penalties claims. On August 4, the trial court granted Johnson's motion for partial summary judgment that there had been no settlement, and granted Johnson's motion that any settlement negotiations would be excluded, as irrelevant, from the trial on Equitable's bad faith. Equitable's motion for summary judgment on the issues of bad faith was denied. From these latter rulings, Equitable appeals. *Held:*

1. Under the circumstances we have described in such painful detail, the trial court erred in denying Equitable's motion for

summary judgment as to the issues of penalties and punitive damages for bad faith. The record in this case clearly shows that the only time Equitable did not immediately, and within 30 days and in good faith, pay Johnson's reasonably proved and bona fide undisputed claims, was after Johnson's claim letter of August 14, 1980, demanding $1,221. That claim letter was issued when a lawsuit (No. 64829) was then pending. The letter was vague and did not state whether the claimed amounts were in reference to the pending lawsuit or to some new matter, and moreover it did not indicate whether this was a claim that should be outside the purview of the then-pending (No. 64829) lawsuit. Johnson had happily accepted $608.75 with no demurrer concerning the August 14 claim demand for $1,221 and dismissed the lawsuit with prejudice on August 20. At best, Johnson's claims actions were confused and confusing; the insurer cannot be faulted and penalized for being befuddled. There was at the very least a bona fide dispute as to whether there was an accord and satisfaction, or a waiver, of Johnson's August 14 demand of $1,221 by his August 20 acceptance of $608.75 and dismissal of his suit with prejudice. Every single occurrence after August 20, 1980 was steeped in bona fide dispute as to what, in fact, Johnson was claiming or suing for, or was entitled to claim or sue for in the first place (see *Ga.-Carolina Brick &c. Co. v. Brown,* 153 Ga. App. 747, 751-754 (266 SE2d 531)), especially in view of the correlation of benefits issue under OCGA § 33-34-8 (Code Ann. § 56-3409b).

It is not clear in the record whether Johnson has shown reasonable proof of the additional $930 yet unpaid, but apparently there is a dispute as to it, and, we think, bona fide. If Johnson now pursues a claim for the remaining $930 of the policy limits, he should proceed with reasonable proof (OCGA § 33-34-6 (b) (Code Ann. § 56-3406b)) and show it clearly; and Equitable is not required to pay until he does so. On no account is Equitable liable to pay him any bad faith penalties for this or any other claims made to date; nor is Equitable liable for any amounts Johnson may claim in excess of $5,000 under the rule announced in *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) and still under consideration by the appellate courts, as shown in *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673); *Atlanta Cas. Co. v. Flewellen,* 164 Ga. App. 885 (300 SE2d 166), until a legal determination is made that Johnson is entitled to such extraordinary recovery, and the claims themselves are supported with reasonable proof.

2. The trial court correctly held that there was no settlement of all claims for $5,000. The appellant Equitable contends only that Equitable's attorney and Johnson's attorney agreed to a settlement,

and that this settlement was binding. Equitable does not contend that Johnson ratified the settlement agreed to by his attorney; but contends in essence that Johnson had no right to repudiate it or withhold consent. Johnson, on the other hand, does not deny that his attorney and Equitable's attorney reached an "agreement" between themselves, but states that his attorney had no authority to bind him without his consent and that, in fact,. he did not ratify the settlement.

In this clear situation, there is no evidence of any special authority of the attorney to bind the client in a settlement of his claim, except for the fact that the attorney allegedly purported to do so. OCGA § 15-19-5 (Code Ann. § 9-605) provides: "Attorneys have authority to bind their clients in any action or proceeding by any agreement in relation to the cause, made in writing, and by signing judgments, entering appeals, and entering such matters, when permissible, on the dockets of the court. Attorneys who are otherwise authorized by law to take affidavits and administer oaths shall not be disqualified to take affidavits required of their clients in any matter or proceeding of any nature whatsoever." That code section does not expressly grant attorneys the right to compromise the claim or defense absent special authority in writing. We cannot infer that it impliedly grants such power to the attorney because OCGA § 15-19-6 (Code Ann. § 9-606) provides: "Without special authority, attorneys cannot receive anything in discharge of a client's claim but the full amount in cash." Moreover, Rule 39 of the superior courts, which was codified in the 1933 Georgia Code as § 24-3339 but was not codified in the 1981 code, provides: "No consent or agreement between attorneys or parties will be enforced by the court, unless it be in writing, and signed by the parties to the consent, where such consent or agreement is denied by the opposite party."

Obviously, a client may give specific authority to settle or may ratify the actions of his attorney, and whether he does so may be a question of fact; but it is not even claimed by Equitable that Johnson did so. The quoted code sections and rule make it clear that while the attorney has authority to do many things by virtue of his general retention, he may not compromise the client's claim unless the same is specially authorized in writing or ratified (*Westwood Place v. Green,* 153 Ga. App. 595, 596 (2) (266 SE2d 242)) or unless the doctrine of estoppel, or some other special equity, intervenes. *Gen. Communications Svc. v. Ga. Public Svc. Comm.,* 244 Ga. 855 (262 SE2d 96), affirmed 149 Ga. App. 466 (254 SE2d 710). There is no special equity in this case. The appellant was not entitled to rely upon the agreement of counsel compromising the appellee's claim not under special authority in writing. There is nothing revolutionary in

this rule; it is the common practice that attorneys entertain settlements subject to the client's approval. The client retains the attorney in a general retention to do all things necessary to pursue or defend his claim; but he does not, by general retention of the attorney's services, give his claim to the attorney to dispose of at the attorney's discretion, absent special authority so stating. There was no binding settlement in this case as a matter of law.

3. Whether evidence of any purported attempt at settlement in this case is admissible to disprove Equitable's bad faith is a dead issue because we have ruled that Johnson has no bad faith claims. And, as we have ruled that there was no settlement binding Equitable or Johnson to $5,000, if Johnson intends to claim the $930 yet unpaid of the basic $5,000 policy limits, he must prove it as we held in Division 1 hereof. And Equitable is not liable to pay any amounts in excess of $5,000 until Johnson proves his right thereto under *Jones,* supra. Equitable is not liable for any punitive damages, penalties or attorney fees on account of this matter.

*Judgment reversed in part and affirmed in part. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 6, 1983.

*John W. Winborne III,* for appellant.
*George P. Graves, E. Graydon Shuford,* for appellee.