66954. ALLSTATE INSURANCE COMPANY v. TOROK.

BANKE, Judge.
This is a suit by the appellee to recover a bad-faith penalty, punitive damages, and attorney fees pursuant to OCGA § 33-34-6 (Code Ann. § 56-3406b), based on the appellant insurance company's

alleged failure to pay a "no-fault" automobile insurance claim in a timely fashion. We granted the insurer's application for interlocutory appeal from the denial of its motion for summary judgment.

The appellee originally sued to recover $21,798.57 in no-fault benefits, although the total amount of such coverage provided by his policy was only $10,000, of which the insurer had already paid him medical benefits totalling $6,611.89 in a timely fashion. Thus, the amount of available coverage remaining to him at the time he filed suit was only $3,388.11. His claim for a bad-faith penalty, punitive damages, and attorney fees is based on the insurer's failure to pay him this amount as compensation for lost income.

The accident occurred on April 4, 1981. On May 6, 1981, the appellee submitted to the insurer a claim for lost income in the amount of "$3,500.00 plus," computed on the basis of annual earnings in the amount of $38,000. In November of 1981, he furnished the appellant a 1980 federal income tax return as support for this claim. This return revealed that he had received gross earnings of $36,333.58 in 1980 from his operation of a medical laboratory but that expenses of the business totalled $38,617.48, resulting in a net loss of $2,283.90. A claims agent for the insurer testified on deposition that upon receipt of the return, she telephoned the appellee's attorney to ask if the appellee had hired anyone to replace him at the laboratory during the period of his disability, and that the attorney had told her, "he didn't know, but it made no difference as far as he was concerned." She testified that she spoke to the attorney again on December 2, 1981, and told him "we were willing to compromise and send me a list of continuing and non-continuing expenses and we would try to compromise" but that the request was ignored. The suit was filed on August 23, 1982. In response to interrogatories subsequently propounded by the appellant, the appellee asserted that he had hired a medical director for the laboratory at a total cost of $6,000 to take over for him during his absence. Within 30 days of receiving this information, the appellant paid the appellee the remaining $3,388.11 balance of his no-fault coverage. *Held:*

The pertinent provision of the no-fault statute is as follows: "[B]enefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the fact and the amount of loss sustained. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after proof is received by the insurer. Any part or all of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after proof is received by the insurer ... In the event the insurer fails to pay each benefit when due, the person entitled to the benefits may bring an action to recover them and the

insurer must show that its failure or refusal to pay was in good faith, otherwise the insurer shall be liable for a penalty not exceeding 25 percent of the amount due and reasonable attorney's fees." OCGA § 33-34-6 (b) (Code Ann. § 56-3406b). It has been held that "[a] showing of reasonable or probable cause for not paying the claim on time would be such a showing of good faith." *Atlanta Cas. Co. v. Jones,* 247 Ga. 238, 241 (4) (275 SE2d 328) (1981). See also *Binns v. MARTA,* 250 Ga. 847, 848 (301 SE2d 877) (1983).

The evidence of record in this case compels the conclusion that the delay by the appellant insurer in paying the appellee's claim for lost income was attributable to the appellee's failure to submit reasonable proof in support of that claim rather than to bad faith on the part of the insurer. Certainly, the appellee's tax return provided no documentation as to the amount of his lost earnings, for it did not indicate that his business had suffered any loss in gross revenue whatsoever as the result of his absence, nor did it indicate that his absence had had any adverse effect on expenses. Indeed, for all the insurer knew, the appellee's net operating loss from the business might have decreased as a result of his absence. The appellant's request for additional documentation was eminently reasonable under these circumstances. It follows that the trial court erred in denying the insurer's motion for summary judgment. Accord, *State Farm Mut. Auto. Ins. Co. v. Smith,* 245 Ga. 654 (266 SE2d 505) (1980); *Equitable Gen. Ins. Co. v. Johnson,* 166 Ga. App. 215 (303 SE2d 757) (1983).

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 19, 1983.

*Thomas S. Carlock, Diane Q. House,* for appellant.
*Robert A. Elsner, Christopher Knighton,* for appellee.