67658, 67659, 67660. ROSEMOND v. PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY.

Banke, Judge.

The appellant sued the appellee insurance company pursuant to OCGA § 33-34-6 to recover a statutory bad-faith penalty, attorney fees, and punitive damages based on the appellee's alleged failure to make timely payment of certain dental expenses allegedly owed her under the "no-fault" provisions of an automobile accident insurance

policy issued by the appellee. This appeal follows the grant of a directed verdict in favor of the appellee. Three separate notices of appeal were filed, the first from the denial of the appellant's motion for new trial, the second from an order requiring the entire trial transcript to be transmitted to this court at the appellant's expense, and the third from an order sustaining the appellee's traverse to a pauper's affidavit which the appellant filed in lieu of paying the costs of the appeal.

The automobile accident which gave rise to the claim occurred on December 16, 1980. The appellant was examined at a hospital immediately after the accident but did not complain of any injury to her teeth or mouth at that time, nor was she diagnosed as having suffered such an injury. A few days later, the appellant submitted to the appellee an application for PIP benefits containing the following description of her injuries: "Neck, back, left leg and I clamped my mouth and hurt my teeth." On December 29, 1980, a claims representative employed by the appellee talked with the appellant by telephone to obtain more information about the claim; however, the appellant made no mention of the alleged injury to her teeth at that time, nor did she otherwise indicate that she was seeking dental treatment as a result of the accident.

The appellee first received notice that the appellant was asserting a claim for dental expenses on February 26, 1981, when an "Attending Physician's Report" was submitted by the appellant's dentist, Dr. Benich. This report was dated February 2, 1981, and listed certain dental procedures allegedly performed on December 16, 1980, at a total charge of $1,645, as the result of injuries sustained by the appellant in an accident of the same date. The report also contained an estimate of future charges in the amount of $3,000.

The "Attending Physician's Report" indicated that the appellant had first consulted with Dr. Benich regarding her condition on December 16, 1980, and that she had never before suffered from the same or a similar condition. However, the appellee learned from other sources that prior to the December 16th accident, Dr. Benich had been treating the appellant for dental injuries which she had sustained in an automobile accident which had occurred on July 20, 1980, and for which the appellee had no liability. Consequently, the claims representative telephoned both Dr. Benich and the appellant's attorney on several occasions after receiving the report to request X-rays and other documentation which would indicate whether and to what extent the dental expenses in question were necessitated by the prior accident; however, no such documentation was ever provided. At trial, Dr. Benich admitted both that he had been treating the appellant prior to the December 16th accident for dental injuries she had suffered in the July 20th accident and that this treatment had not

been completed as of December 16.

Notwithstanding the representations contained in the "Attending Physician's Report," it appears without dispute from the testimony at trial that none of the services described therein had in fact been performed as of the date the report was submitted to the appellee. The appellee did not receive a subsequent bill for the expenses in question until some time after May 4, 1981, when Dr. Benich submitted a revised statement of estimated expenses in the total amount of $2,170. With the exception of a tooth extraction and bone trim which were performed on March 24, 1981, for a total charge of $95, none of the services described in this statement were actually performed until July 13, 1981, by which time the appellee had already paid Dr. Benich $1,725. Notwithstanding these facts, the appellant contends that she was entitled to recover a bad-faith penalty and punitive damages based on the appellee's failure to pay the amounts claimed in Dr. Benich's "Attending Physician's Report" within 30 or 60 days, respectively, of receiving it. *Held*:

1. Under OCGA § 33-34-6 (a), the insurer is required to pay "no-fault" benefits "periodically on a monthly basis *as expenses are incurred*, or, in the case of total disability, as disability continues." (Emphasis supplied.) Pursuant to OCGA § 33-34-6 (b), the insurer may be held liable for a bad-faith penalty and attorney's fees if it fails to pay such expenses within 30 days after receiving reasonable proof of "the fact and the amount of loss sustained." The insurer may also be held liable for punitive damages pursuant to OCGA § 33-34-6 (c) if it fails or refuses to pay the claim "within 60 days after proper proof of loss has been filed."

While this court has not previously had occasion to construe the meaning of the term "incurred" as used in this code section, we have held that, in the absence of a definition to the contrary appearing in the policy, insurance coverage for expenses "incurred" as the result of an injury becomes payable "not at the time of the injury which causes the expenses, but at such time as the treatment is contracted for, performed, or paid for." *St. Paul Fire &c. Co. v. Purdy*, 129 Ga. App. 356, 358 (199 SE2d 567) (1973). Since the appellant produced no evidence indicating that the treatment in question had been contracted for, performed, or paid for as of the date the appellee received the "Attending Physician's Report," we accordingly hold that the appellee incurred no obligation to pay for any part of the treatment on that date. Furthermore, given the misrepresentations contained in the report as to whether the treatment had been performed and as to whether the appellant had previously suffered from the same or a similar condition, we must conclude as a matter of law that the appellee's requests for supporting documentation were reasonable and that the appellee was thus justified in withholding payment until such

documentation was provided. It follows that the trial court did not err in granting the appellee's motion for directed verdict. Accord *Equitable Gen. Ins. Co. v. Johnson*, 166 Ga. App. 215 (1) (303 SE2d 757) (1983); *Allstate Ins. Co. v. Torok*, 168 Ga. App. 517 (309 SE2d 676) (1983).

2. The appellant contends that the trial judge should have been recused due to certain alleged expressions of bias against her cause. There is no suggestion that the trial judge had any pecuniary interest in the outcome of the case or any relationship to any party which might afford a legal ground for his disqualification. See generally *Jones v. State*, 219 Ga. 848 (1) (136 SE2d 358) (1964); *Moon v. State*, 154 Ga. App. 312, 314 (4) (268 SE2d 366) (1980). Rather, it is clear that the comments and expressions of opinion of which the appellant complains stemmed from the evidence which had been presented. None of these opinions were expressed in the presence of the jury; and, even if they had been, the absence of any evidence to support a verdict in the appellant's favor obviated any prejudice which might have occurred. Accord *Ray v. Marietta Marine*, 163 Ga. App. 690 (3) (294 SE2d 698) (1982). It follows that the denial of the motion to recuse was not error.

3. The trial court did not err in sustaining the appellee's traverse to the appellant's pauper's affidavit when the appellant failed to appear at a hearing on the issue of her ability to pay the costs of the appeal. See generally OCGA § 5-6-47 (b). We reject the appellant's contention that in basing its ruling on the appellant's failure to appear, the court improperly placed upon her the burden of proof as to the correctness of her affidavit of poverty. The appellant's financial condition was obviously a matter which she was best equipped to establish, and there is no basis in law or logic for placing the burden on the appellee to produce evidence disproving an appellant's claim of indigency. The issue was in any event rendered moot by the transmission of the complete record and transcript to this court. See *McCrary v. State*, 229 Ga. 733, 736 (8) (194 SE2d 480) (1972).

4. The trial court did not err in ordering the appellant to bear the expense of the entire record and transcript. Although the appellant did not designate in her notice of appeal that the entire transcript be transmitted to this court, the trial court subsequently ordered its inclusion on motion by the appellee. The entire transcript was necessary and relevant to the appeal in view of the fact that the sufficiency of the evidence was at issue. Pursuant to OCGA § 5-6-41 (f), it has been held that "if the trial court finds that the additional portions designated by the appellee are necessary to complete the record on appeal, the costs must be paid by the appellant; only if considered unnecessary on appeal, should the costs be taxed against the appellee." *Jones v. Spindel*, 239 Ga. 68 (2), 70-71 (235 SE2d 486) (1977).

5. The appellant's remaining enumeration of error is rendered moot by the foregoing.

*Judgment affirmed. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 28, 1984 —
REHEARING DENIED MARCH 9, 1984 — ▮▮▮▮

*Robert S. Windholz*, for appellant.
*William S. Sutton, M. David Merritt*, for appellee.