73716. HUFSTETLER v. INTERNATIONAL INDEMNITY
COMPANY.
(359 SE2d 399)

SOGNIER, Judge.

Melissa Hufstetler, by next friend Gary Hufstetler, brought suit against International Indemnity Company seeking personal injury protection (PIP) benefits under the Georgia Motor Vehicle Accident Reparations Act, OCGA § 33-34-1 et seq. ("No-Fault Act"), plus various statutory penalties and damages. International Indemnity answered asserting as a defense Hufstetler's failure to provide it with reasonable proof of her loss pursuant to OCGA § 33-34-6 (b); International Indemnity also counterclaimed alleging abuse of process. Hufstetler's PIP claim was paid within 30 days of International Indemnity's receipt of the complaint with its accompanying documentation and after a bench trial, held on stipulated facts, a judgment was entered in favor of International Indemnity on Hufstetler's claim for statutory penalties and damages. The trial court ordered International Indemnity's counterclaim to be placed on the next available jury calendar. An order pursuant to OCGA § 9-11-54 (b) was entered and this appeal ensued.

Appellant was injured on September 16, 1985, while operating with permission an automobile insured by appellee. After appellee was properly notified about the accident, it sent appellant an application form regarding her PIP benefits that stated the application should be returned promptly "with any medical bills you have received to date." On October 25, 1985, appellant submitted a filled-in application form and a demand for payment letter, including a schedule of appellant's medical expenses itemizing treatment dates, medical facilities visited and charges incurred, as well as medication and travel expenses. However, no actual medical bills or copies thereof were enclosed. The schedule submitted by appellant's attorney contained the request that "should you [appellee] require any other or further information please advise us immediately." Appellee received these documents on October 30, 1985, but made no contact with appellant until February 2, 1986, when it sent a letter to appellant requesting copies of her medical bills. Appellant filed this suit a month after appellee contacted her, attaching copies of the medical bills to

the complaint.

1. The parties stipulated that appellee has paid appellant the limits of the no-fault benefits to which appellant was entitled and that the sole remaining claim before the trial court was for the penalties and damages sought by appellant in her complaint. Thus, no judgment on no-fault benefits was necessary and appellant's first enumeration of error is moot. See generally *Intl. Indem. Co. v. Terrell*, 178 Ga. App. 570 (1) (344 SE2d 239) (1986).

2. Appellant contends the trial court erred by ruling that her failure to provide appellee with medical bills rendered her proof of loss insufficient as a matter of law under OCGA § 33-34-6 (b), thus finding in appellee's favor on appellant's remaining claims for bad faith penalties and attorney fees, and punitive damages under OCGA § 33-34-6 (b) and (c). OCGA § 33-34-6 (b) provides in pertinent part: "[B]enefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the fact and the amount of loss sustained. . . . In the event the insurer fails to pay each benefit when due, the person entitled to the benefits may bring an action to recover them and the insurer must show that its failure or refusal to pay was in good faith, otherwise the insurer shall be liable for [penalties and attorney fees]."

OCGA § 33-34-6 (b) is silent as to what constitutes "reasonable proof of the fact and the amount of loss sustained." In *Jones v. State Farm &c. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980), we held that "the date on which an insurer should be deemed to have received 'reasonable proof of the fact and the amount of loss sustained' by its insured is that date upon which the insurer receives *sufficient proof* from the insured *to enable the insurer to verify or disprove, through the exercise of reasonable diligence, the basic components of the insured's claim*." (Original emphasis omitted; emphasis supplied.) Id. at 235. Thus, OCGA § 33-34-6 (b), as interpreted by *Jones*, does not require a claimant to submit proof of loss of such exactitude as would verify the claim in and of itself. The proof of loss submitted need only be such as would enable the insurer to verify the basic components of the claim through the exercise of reasonable diligence. Id. at 235.

The trial court, in determining as a matter of law that appellant's proof of loss was insufficient, stressed that "[d]espite requests by [appellee] for copies of medical bills, [appellant] did not supply [appellee] with documentation in the form of medical bills until this action was filed in March of 1986." This determination endorses appellee's argument that appellant's failure to submit medical bills as requested by appellee in the application form it sent to appellant resulted in legally insufficient proof of loss under OCGA § 33-34-6 (b). Appellee's inaction thus stemmed from the fact it considered itself absolved from any responsibility to act on appellant's claim because appellant

failed to submit proof *appellee* deemed necessary to substantiate a claim.

In *Jones*, we rejected the insurer's argument which would have placed in the insurer the right to determine the *date* on which reasonable proof of loss had been received. We here reject appellee-insurer's argument which would place in the insurer the right to determine *what* constitutes reasonable proof of loss. We do not agree with appellee that its requirement that medical bills be submitted before it is required to act on a claim is endorsed by *Jones*, supra: we find nothing in *Jones* which indicates *no* proof of loss is sufficient unless it is accompanied by medical bills. The court in *Jones* simply noted that the 30/60-day period set out in OCGA § 33-34-6 (b) was activated on the date the insurer in *Jones* received the claimant's "properly completed Application for Benefits, along with the other materials enclosed in that mailing." Id. at 235. We note that copies of medical bills were requested and submitted to the insurer in *Jones* subsequent to the submission by the claimant of a schedule of medical expenses and lost wages.

Accordingly, the question is not whether appellant was required to submit medical bills in her proof of loss but whether the proof of loss she did submit, absent such medical bills, was sufficient to enable appellee to verify the basic components of her claim.

Appellee claims it could not verify appellant's claim without the medical bills attached to the proof of loss and the trial court agreed with appellee that medical bills were crucial documents required before appellee could even begin to act on appellant's claim. We do not here mean to intimate that an insurer can never ask a claimant to supply it with medical bills or copies thereof or that such documentation is not an important part of an insurer's inquiry into a claim. But while an insurer has a right to require a claimant to abide by the terms of its policy or application requirements, "that right is limited by the reasonableness of its exercise under the circumstances when it delays payment. . . . [T]he burden is upon the insurer to show reasonableness." *Falagian v. Leader Nat. Ins. Co.*, 167 Ga. App. 800, 801 (307 SE2d 698) (1983).

We need not here determine what constitutes the exercise of reasonable diligence under OCGA § 33-34-6 (b) or whether the proof of loss appellee had before it, with the names of the treating physicians, treatment dates, medical expenditures incurred, name and address of appellant, her father, her attorney, and a written statement indicating appellant's willingness to supply any defects appellee saw in appellant's documentation, was sufficient. We need not make any such determination because it is uncontroverted appellee took *no* action of any sort to verify or disprove, by any means, the basic components of appellant's claim. Appellee failed even to contact appellant about the

alleged insufficiency of her proof of loss until over 90 days had elapsed from appellee's receipt of appellant's proof. Compare *Falagian,* supra (insured notified as to insurer's dissatisfaction with the reasonableness of proof within 30 days of insurer's receipt of proof); *Rosemond v. Prudential Property &c. Ins. Co.,* 170 Ga. App. 189, 190 (316 SE2d 541) (1984) (insurer telephoned insured to obtain more information about claim within 30 days of claim); *Government Employees Ins. Co. v. Presley,* 174 Ga. App. 562, 563-564 (330 SE2d 779) (1985) (insurer notified insured within 30 days of demand for payment that claim was pending receipt of reasonable proof).

The case sub judice is not an instance where the insurer failed to pay due to the insured's confusing and contradictory claim. Compare *Equitable Gen. Ins. Co. v. Johnson,* 166 Ga. App. 215 (303 SE2d 757) (1983). Nor is it an instance in which the delay in payment within the statutory period was occasioned by an insured's repeated refusal to comply with an insurer's reasonable and timely requests for additional documentation of a loss. See *Allstate Ins. Co. v. Torok,* 168 Ga. App. 517, 518 (309 SE2d 676) (1983). The insurer here had sufficient documentation before it to know that a claim was being made, yet the evidence is undisputed the appellee took no action to verify the claim on the documents it was given by appellant or to seek out the information it needed to verify that claim. The evidence is thus uncontroverted appellee failed to exercise reasonable diligence in any aspect of appellant's claim. Although appellee argues that appellant should have known her proof of loss was so insufficient appellee would not act on it, we note that under certain circumstances, an implied waiver may result from an insurer's silence and nonaction, especially where an insured's request on a matter is ignored by the insurer leading the insured to believe nothing further is required. See *Napp v. American Cas. Co.,* 110 Ga. App. 673, 674 (1) (139 SE2d 425) (1964); see generally *Insurance Co. of the West v. Dills,* 145 Ga. App. 183, 185-186 (2) (243 SE2d 549) (1978).

"[T]he clear legislative intent underlying [OCGA § 33-34-6 (b) is] to provide holders of no-fault insurance policies with a means to encourage prompt disposition of their claims." *Jones,* supra at 235. We hold the trial court erred by ruling in appellee's favor on appellant's claim for bad faith penalties and attorney fees under OCGA § 33-34-6 (b) and punitive damages under OCGA § 33-34-6 (c). Additionally, the trial court erred by placing the burden of proof on appellant to show appellee acted in bad faith. The trial court determined that appellant did not prove "by a preponderance of the evidence that [appellee's] actions were of a character to constitute bad faith." However, the burden of proof is not on appellant to show appellee acted in bad faith but on appellee to prove its delay in paying appellant's claim "was attributable to [appellant's] failure to submit reasonable

proof in support of that claim rather than to bad faith on the part of the insurer [appellee]." *Torok*, supra at 519. Thus, the trial court impermissibly shifted the burden of proof from appellee to appellant on the issue of good faith refusal or failure to pay. The trial court's order is, accordingly, reversed.

3. Appellant contends the trial court erred by denying her motion to dismiss appellee's counterclaim alleging abusive litigation. No motion to dismiss appears of record and the trial court in its order made no ruling on the counterclaim but instead ordered it placed on the next available jury trial calendar. Assuming, arguendo, a proper oral motion for involuntary dismissal was made before the trial court, the denial of such a motion would be error under *Yost v. Torok*, 256 Ga. 92, 96 (13) (344 SE2d 414) (1986), in view of our holding in Division 2 finding appellant's claim to be meritorious.

*Judgment reversed. McMurray, P. J., concurs. Beasley, J., concurs in Divisions 1 and 3 and in the judgment only in Division 2.*

DECIDED JUNE 23, 1987 —
REHEARING DENIED JULY 10, 1987.

*Scott A. Halpern*, for appellant.
*Michael L. Wetzel*, for appellee.