A00A0590. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. VANHUSS et al.

(532 SE2d 135)

PHIPPS, Judge.

Georgia Farm Bureau Mutual Insurance Company brought this action against Vanhuss d/b/a Vanhuss Poultry Farm, James Willingham, Robert Martin, and Paul Gillespie, seeking a declaration that a "farmowner's" insurance policy issued by it to Vanhuss imposes no duty on it to defend or provide coverage for lawsuits against Vanhuss by Willingham and the other defendants. Georgia Farm now appeals a declaratory judgment that the policy at issue does require it to defend the underlying suits.

> An insurer's duty to defend turns on the language of the insurance contract and the allegations of the complaint asserted against the insured. [Cit.] We look to the allegations of the complaint to determine whether a claim covered by the policy is asserted. [Cit.] If the facts as alleged in the complaint even arguably bring the occurrence within the policy's coverage, the insurer has a duty to defend the action. [Cits.] However, . . . where the complaint filed against the insured does not assert any claims upon which there would be insurance coverage, the insurer is justified in refusing to defend the insured's lawsuit. [Cit.][1]

Nonetheless, "[a]n insurer may have an obligation to defend even when the complaint against the insured does not allege facts which would give rise to coverage if the insured notifies the insurer of facts which would bring the claim within the policy coverage. [Cit.]"[2]

The subject policy provides coverage for bodily injury or property damage caused by an "occurrence," which is defined as "an accident . . . which results in bodily injury or property damage neither

---

[1] *City of Atlanta v. St. Paul Fire &c. Ins. Co.*, 231 Ga. App. 206, 207 (498 SE2d 782) (1998).
[2] Id. at 208 (1).

expected nor intended from the standpoint of the insured." There is a corresponding exclusion for bodily injury or property damage caused intentionally by the insured.

The complaints in the underlying suits are for injunctive relief and damages. The complaints allege that in the operation of his poultry farm Vanhuss committed trespass by diverting the natural flow of water and sediment onto the plaintiffs' properties, notwithstanding repeated requests to desist. The plaintiffs also claim that Vanhuss operated the poultry farm on land immediately adjacent to a residential neighborhood in such manner as to constitute a nuisance, despite numerous requests that he not locate the business in such close proximity to the residences and that he abate the resulting nuisance.

The complaints thus allege that Vanhuss intentionally caused property damage. Therefore, the complaints assert claims not within the coverage of the policy. Because Vanhuss has not alleged any additional facts which would give rise to coverage, the trial court erred in entering the judgment appealed.

There is no merit in Vanhuss's argument that Georgia Farm is estopped to dispute its defense obligations by reason of letters from Georgia Farm to him in which it initially agreed to defend the underlying suits. The doctrine of estoppel is predicated upon a detrimental change in position in reliance upon the conduct of the party to be estopped.[3] Vanhuss does not claim that he relied to his detriment on the insurer's initial decision to defend the suits, and no such reliance appears. Therefore, "[Georgia Farm's] initial representation that [Vanhuss] was covered[ ] does not estop it from later denying coverage."[4]

*Judgment reversed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 22, 2000 — ■

*Groover & Childs, Craig M. Childs,* for appellant.
*Haygood, Lynch, Harris & Melton, C. Robert Melton, Martin & Martin, Harold E. Martin,* for appellees.

---

[3] *Morgan v. Maddox,* 216 Ga. 816, hn. 1 (d), 819 (120 SE2d 183) (1961).
[4] *St. Paul Fire &c. Ins. Co. v. Purdy,* 129 Ga. App. 356, 357 (4) (199 SE2d 567) (1973) (physical precedent only).