**Bobby C. LAWSON, Plaintiff-Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Defendant-Appellee.

No. 85–8664.

United States Court of Appeals,
Eleventh Circuit.

March 10, 1986.

Harold D. Corlew, Atlanta, Ga., for plaintiff-appellant.

W. Gordon Hamlin, Jr., Eugene G. Partain, Atlanta, Ga., for defendant-appellee.

Appeal from the United States District Court for the Northern District of Georgia.

Before JOHNSON and HATCHETT, Circuit Judges, and ALAIMO *, Chief Judge.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO O.C.G.A. § 15–2–9

TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES:

It appears to the United States Court of Appeals for the Eleventh Circuit that this case involves a question of Georgia law which is determinative of the cause, but unanswered by controlling precedent of the Supreme Court of Georgia or any other Georgia appellate court. We, therefore, certify the question for resolution by the highest court of Georgia.

This case comes to the United States Court of Appeals for the Eleventh Circuit on appeal from the United States District court for the Northern District of Georgia, Atlanta Division.

The pertinent facts are as follows. Bobby Lawson, an epileptic, claims that he was injured on November 12, 1982, when he suffered an epileptic seizure, fell down in the middle of North Peachtree Road, in Atlanta, and was struck by an automobile driven by Susan McCahan, the daughter of a State Farm insured. Although some question exists as to whether McCahan's vehicle actually struck Lawson, State Farm decided to verify for payment the reasonable medical expenses associated with Lawson's injuries. It is undisputed that State Farm paid all claims for personal injury

* Honorable Anthony A. Alaimo, Chief U.S. District Judge for the Southern District of Georgia, sitting by designation.

protection benefits submitted by Lawson at least seven months prior to his filing suit. Nevertheless, Lawson brought this action against State Farm for statutory penalties, punitive damages, and attorney's fees pursuant to O.C.G.A. § 33–34–6(b) and (c) for State Farm's failure to pay his claims within the time period required by the statute.

State Farm moved for summary judgment contending that the statute did not create an action solely to recover benefits and that the payment of all of Lawson's claims for benefits before the initiation of his lawsuit extinguished any cause of action which he might have had for penalties and attorney's fees. Although it found no authority construing the material language of the relevant subsections, the district court agreed with State Farm, stating:

> The operative words of subsection b which create a cause of action are those which state that 'the person entitled to the benefits may bring an action to recover them.' However, if the benefits have already been recovered, as is the case here, the statute clearly provides no cause of action. Likewise, subsection c, which deals with the recovery of punitive damages, also grants a cause of action 'to recover the benefits' and Lawson in this case clearly has no such cause of action.

We believe that the issue of Georgia law raised by Lawson's appeal is appropriate for resolution by the highest court of Georgia. We therefore certify the following question:

> Whether an action "to recover benefits" is a prerequisite to maintaining an action for penalties or punitive damages under O.C.G.A. § 33–34–6(b) and (c)?

We do not intend the phrasing of this question to limit the Supreme Court of Georgia in its consideration of the problems posed by the entire case. In order to assist consideration of the case, the entire record, along with the briefs of the parties, shall be transmitted to the Supreme Court of Georgia.