73255, 73256. FUTCH v. J. C. PENNEY INSURANCE COMPANY; and vice versa.
(354 SE2d 869)

BENHAM, Judge.

Futch was injured while driving an automobile insured by State Farm Mutual Automobile Insurance Company ("State Farm"). At the time of the injury, Futch was insured under a policy issued to him by J. C. Penney Insurance Company ("J. C. Penney"). That policy did not cover the car Futch was driving. Alleging that his injuries were caused by an unknown motorist, Futch filed a "John Doe" action and served both insurers, each of which answered in its own name. After Futch settled his claim against State Farm for $7,500, J. C. Penney filed a motion for determination of coverage, which the trial court treated as a motion for summary judgment. By that motion, J. C. Penney sought a determination that it was not the primary carrier and had no duty to pay benefits unless Futch received a judgment in

---

[1] Of course, if the trial court refuses to amend, that would be a valid ground for appeal.

excess of $7,500. Futch filed a cross-motion for summary judgment, seeking a holding that J. C. Penney was the primary carrier and that it could not set off against any award the amount of the settlement with State Farm. The trial court entered an order holding that J. C. Penney was the primary insurer, but that it could set off against any award of damages the amount of the settlement between Futch and State Farm. In case no. 73255, Futch appeals from the latter portion of the judgment; in case no. 73256, J. C. Penney appeals from the former portion.

1. The issue raised by J. C. Penney is controlled adversely to it by *Georgia Farm Bureau &c. Ins. Co. v. State Farm &c. Ins. Co.*, 255 Ga. 166 (336 SE2d 237) (1985). It was there held that, in a situation such as this, the insurer to whom the insured paid premiums would be the primary insurer. The trial court's decision on that issue was correct.

2. On the issue of J. C. Penney's entitlement to set off against an eventual jury award the amount paid by State Farm in settlement, we are guided by the holding in *State Farm &c. Ins. Co. v. Murphy*, 226 Ga. 710 (177 SE2d 257) (1970). There, in considering the question of whether uninsured motorist coverage in more than one policy could be stacked, the Supreme Court held that an "insured would not be legally entitled to recover amounts beyond his actual damages no matter how many policies he was the beneficiary of." Id. at 714. That rule is still in effect and was applied in *Jefferson-Pilot Fire &c. Co. v. Combs*, 166 Ga. App. 274 (304 SE2d 448) (1983), a case in which the insured settled with one insurer prior to the rendition of a verdict establishing the amount of his damages. The effect of that rule in this case is that J. C. Penney will be liable for the first $10,000 of any award in this case of $17,500 or more. If the award is less than that amount, J. C. Penney will be liable for the difference between the award and the $7,500 settlement. In that way, Futch will receive the amount of his actual damages, up to $17,500, which is the limit of the policy issued by J. C. Penney plus the settlement with State Farm. The trial court was correct in ruling that J. C. Penney would be entitled to set off against an award in this case the amount of the settlement between State Farm and Futch.

*Judgments affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED MARCH 6, 1987 — ·
REHEARING DENIED MARCH 17, 1987 — 

*Noble L. Boykin, Jr.,* for appellant.

*Frank W. Seiler, Wiley A. Wasden III*, for appellee.