77147. SMITH v. THE STATE.
(378 SE2d 349)

BENHAM, Judge.

Convicted of armed robbery, possession of cocaine, and possession of a firearm during commission of a felony, appellant contends on appeal that the evidence was insufficient to authorize his conviction and that the trial court erred in denying him the opportunity to impeach Harris, the alleged victim of the armed robbery, by testimony contrary to Harris's testimony. Our review of the record persuades us that although the evidence was sufficient to authorize the conviction, appellant's complaint with regard to the exclusion of his proffered evidence is valid and that he is entitled to a new trial.

1. The victim testified at trial that as he left a service station,

appellant blocked his way with a van; that when the victim got out of his car, appellant's co-indictee pointed a pistol at him, then gave the pistol to appellant who held it while the co-indictee went through the victim's pockets and took his money; and that appellant hit the victim in the head with the pistol, then shot him. Other witnesses for the State testified that a white powder found on a sifter and on a weighing device seized from appellant's van at the time of his arrest was cocaine. The evidence was sufficient to authorize a rational trier of fact to conclude that appellant was guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Baty v. State*, 257 Ga. 371 (359 SE2d 655) (1987); *Kelly v. State*, 184 Ga. App. 337 (2) (361 SE2d 659) (1987).

2. The defense asserted by appellant was that he and Harris had been acquainted for a year or so and were involved together in a series of illegal ventures, that the events which Harris described as a robbery were merely a falling-out between acquaintances, and that Harris's gunshot wound on that occasion was an accident. Harris, however, denied an acquaintance with appellant, swearing they had met only once before the alleged robbery occurred. On cross-examination, Harris also denied being acquainted with two other individuals named by defense counsel. When appellant attempted to call those two individuals as witnesses for the purpose of impeaching Harris, the trial court sustained the State's objections, telling defense counsel repeatedly that Harris was not on trial. The two witnesses testified during a proffer of evidence outside the presence of the jury that they had known Harris for some time and that they had often seen Harris together with appellant using drugs and selling stolen property. The trial court ruled that testimony irrelevant and forbade appellant to question the witnesses about Harris's acquaintance and business dealings with appellant.

We disagree with the trial court's assessment of the relevance of the testimony appellant offered. Appellant's defense to the armed robbery charge was founded in large part on his contention that he and Harris were not only acquainted but were partners in crime, and that the transaction which the State characterized as a robbery was merely a disagreement between partners. Harris's denial of acquaintance with appellant was, therefore, also a denial of appellant's whole defense. Even if the issue of their acquaintance was only collateral to the issue of whether appellant robbed Harris, it was at least indirectly material. "Generally, 'a party may show anything which in the slightest degree affects the credit of an opposing witness.' [Cit.] 'A witness may be impeached on a collateral issue which is indirectly material to the issue in the case.' [Cit.] 'Evidence tendered for impeachment purposes need not be of the kind or quality required for proving the facts.' [Cit.]" *Pound v. Medney*, 176 Ga. App. 756, 760 (337 SE2d

772) (1985). See also *Doby v. State*, 173 Ga. App. 348 (3) (326 SE2d 506) (1985). The right of a criminal defendant to impeach the witnesses against him by presenting evidence contrary to theirs is an invaluable one. The trial court's refusal to permit appellant to impeach Harris was error. In the present case, considering that appellant's whole defense to the armed robbery charge was based on his interaction with Harris as an acquaintance and "business" associate, we cannot find that error to be harmless. Cf. *Henderson v. State*, 255 Ga. 687 (1) (341 SE2d 439) (1986). Appellant is entitled to a new trial on the armed robbery charge. Since the charge of possession of a firearm during the commission of a felony was expressly based on the armed robbery and could not stand without it, that conviction must also be reversed. The impeachment issue did not relate in any way, however, to the possession of cocaine charge, and appellant has shown no grounds for reversal of that conviction. The judgment below is reversed only as to the convictions for armed robbery and for possession of a firearm during commission of a felony; the conviction for possession of cocaine is affirmed.

3. In light of our holding above, appellant's third enumeration need not be addressed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 24, 1989.

*Lawrence E. Diamond*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Doris L. Downs, Assistant District Attorneys*, for appellee.