A89A0655. BAKER v. J. C. PENNEY CASUALTY INSURANCE COMPANY.
(384 SE2d 233)

CARLEY, Chief Judge.

On March 13, 1986, appellant-plaintiff was injured in a vehicular

mishap and, in its capacity as appellant's no-fault carrier, appellee-defendant was immediately contacted with regard to coverage. However, appellant was informed that she had no coverage because her automobile policy had been cancelled for non-payment of premiums. Appellant secured the reinstatement of her policy and, on March 14, 1986, she was injured in yet another vehicular mishap. On March 31, 1986, appellant apparently submitted claims for no-fault benefits under her reinstated policy and, thereafter, she submitted additional claims to appellee. However, it was not until June of 1986 that appellee made any payment of no-fault benefits to appellant.

After being paid the no-fault benefits, appellant filed suit against appellee, seeking to recover a 25 percent penalty, attorney's fees, and punitive damages under OCGA § 33-34-6 for the untimely payment of no-fault benefits. Appellee answered and subsequently moved for summary judgment. The trial court, after conducting a hearing, granted appellee's motion and appellant appeals from the order of the trial court granting summary judgment in favor of appellee.

1. Because it eventually paid all of the no-fault benefits for which appellant submitted claims, appellee urges that it has no liability under OCGA § 33-34-6.

Contrary to appellee's contentions, the mere payment to an insured of such no-fault benefits as are otherwise overdue will not bar an OCGA § 33-34-6 claim against the insurer. "The apparent purpose of the legislature in enacting the 30/60-day requirements of OCGA § 33-34-6 was to assure prompt payment of claims by imposing penalties and damages on insurers failing to meet the deadlines. If an insurer could avoid these penalties and damages by making payment after the deadline, there would be no incentive in the statute to meet the deadline. The issue of the insurer's good faith is to be determined by the events and circumstances during the 30/60-day time period. Payment thereafter . . . should not prevent a suit by the claimant for the penalties and damages. To interpret the statute otherwise would make it possible for unscrupulous insurers to ignore the due date of the statute with impunity so long as payment . . . is made sometime before suit for benefits is brought. As we understand the statute, the words, 'failure or refusal to pay' refer to payment 'when due,' and do not authorize a late payment. It is not simply the total failure to pay, but the failure to make *timely* payment which gives rise to penalties and damages." (Emphasis in original.) *Lawson v. State Farm &c. Ins. Co.*, 256 Ga. 285, 286-287 (347 SE2d 565) (1986). Accordingly, a consideration of appellee's liability under OCGA § 33-34-6 is not precluded by appellee's eventual payment of no-fault benefits to appellant and by her acceptance of those benefits.

2. Appellee urges that summary judgment was properly granted in its favor because any delay in its payment of the no-fault benefits

was attributable to appellant's failure to submit reasonable proof in support of her claim rather than to its lack of good faith. See generally *Allstate Ins. Co. v. Torok*, 168 Ga. App. 517 (309 SE2d 676) (1983). However there was no burden on appellant to submit *conclusive* proof that the claims she was submitting were attributable to injuries that she sustained in the compensable March 14 mishap rather than the noncompensable March 13 mishap. OCGA § 33-34-6 (b) "does not require a claimant to submit proof of loss of such exactitude as would verify the claim in and of itself. The proof of loss submitted need only be such as would enable the insurer to verify the basic components of the claim through the exercise of reasonable diligence. [Cit.]" *Hufstetler v. Intl. Indem. Co.*, 183 Ga. App. 606, 607 (2) (359 SE2d 399) (1987). Construing the evidence of record most strongly in appellant's favor, she submitted such reasonable proof of loss as would shift the burden to appellee to verify or disprove her claims within the 30/60-day time period established by OCGA § 33-34-6. See generally *Hufstetler v. Intl. Indem. Co.*, supra.

That appellant had been injured on consecutive days certainly justified appellee's thorough investigation into whether appellant's submitted claims were or were not covered. However, nothing in the evidence of record would *demand* a finding that, based upon the information that was actually submitted by appellant in support of her claims, appellee could not, in the exercise of reasonable diligence, have conducted that investigation within the 30/60-day period and verified or disproved whether or not the basic components of those claims were attributable to the March 14 or March 13 mishap. Indeed, appellee's evidence does not even purport to address the issue of its diligence after the receipt of appellant's claims. There is no evidence that appellee contacted appellant or her physicians, that it requested that she submit to an examination by a physician of its own choosing, or that it took any other action toward verifying or disproving her claims after they were submitted to it for payment. Since a genuine issue of material fact remains as to appellee's diligence in its investigation of appellant's claims, it follows that the trial court erred in granting appellee's motion for summary judgment.

This result is not changed by the fact that appellant may have submitted claims for some medical bills which, on their faces, purported to be for treatment for injuries that she sustained on March 13 rather than on March 14. The only such bills in the record before us are statements which were submitted by appellant *less* than 30 days before they were paid by appellee. Accordingly, these bills are not a part of appellant's OCGA § 33-34-6 claim against appellee and have no relevance whatsoever to this case. Moreover, even assuming that appellant did submit *some* medical bills for treatment attributable to the March 13 mishap, this would not necessarily justify the delay in

appellee's payment of *all* of her claims. OCGA § 33-34-6 (b) provides, in relevant part, that "[if] reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after such proof is received by the insurer." Thus, appellee may have been justified in denying or delaying payment for any bills which purported to be for treatment attributable to the March 13 mishap, but it was not necessarily justified in denying or delaying payment for any other bills which purported to be for treatment attributable to the March 14 mishap. See generally *Strickland v. American Home Assur. Co.*, 186 Ga. App. 425 (367 SE2d 241) (1988).

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JULY 3, 1989.

*Edward M. Fitts & Associates, Edward M. Fitts, Audrey D. Brown*, for appellant.

*Johnson, Beckham & Price, Brenda S. Weathington, Robert F. Dangle*, for appellee.