A89A1810. CASAS v. THE STATE.
(387 SE2d 20)

DEEN, Presiding Judge.

Appellant Casas was stopped by a Savannah police officer for operating his motorcycle at an excessive speed on the streets of that city. The officer found that Casas emitted an odor of alcohol, was unsteady on his feet, and spoke with slurred diction. Casas could produce no driver's license or proof of insurance.

Appellant failed several field sobriety tests and, upon being advised of his implied consent rights, OCGA § 40-5-55, agreed to take an intoximeter test of his breath. After arriving at the police station, however, Casas refused, in the presence of the intoximeter operator, to take the breath test and insisted on having a blood test, instead. He was then booked on charges of (1) being a habitual violator of laws regarding operation of motor vehicles, (2) driving under the influence of alcohol, and (3) driving with no proof of insurance. A Chatham County jury found him guilty on all counts, and the court imposed concurrent sentences for prison terms within the statutory limits for each offense. He moved unsuccessfully for new trial on the general grounds and the additional ground that the verdict was allegedly less than unanimous. On appeal he enumerates as error the trial court's failure to charge the jury on OCGA §§ 40-5-55; 40-5-58 (b); and 40-6-392. *Held:*

Scrutiny of the record reveals that, according to the trial transcript, defense counsel made no objection, either at the charge conference preceding the jury charge or after the jury had retired, to the

omission of the cited jury instructions. The transcript further reveals that the substance of these Code sections, as applicable to the instant case, was covered in the jury instructions given by the court. The court is not required to instruct the jury in certain language so long as the substance of the principle is clearly stated. *Wilbanks v. State*, 165 Ga. App. 876 (303 SE2d 144) (1983).

As to appellant's allegations regarding whether or not he refused to take the test designated by the arresting officer — i.e., the breath test — and whether he had notice of his status as a habitual violator, the testimony recorded in the transcript reveals clearly that appellant did unequivocally refuse the breath test and that he was notified in person of his status and of the concomitant revocation and five-year suspension of his driver's license. See OCGA §§ 40-5-55; 40-5-58 (a), (b), (c); 40-6-391; 40-6-392. We find no error in the proceedings below.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 26, 1989.

*Gerald L. Olding*, for appellant.
*Spencer Lawton, Jr., District Attorney, Lars T. Granade, Assistant District Attorney*, for appellee.

