A89A2291. NATIONAL SURETY CORPORATION et al.
v. McDONNELL et al.
(391 SE2d 424)

CARLEY, Chief Judge.

A vehicle struck another vehicle which, in turn, struck and seriously injured appellee-plaintiff Mrs. Helen McDonnell while she was standing behind her own vehicle. Appellee Dr. William McDonnell was also slightly injured in the collision. The first vehicle was insured by appellant-defendants under a policy which provided $50,000 in PIP coverage. The second vehicle was insured by Amica Mutual Insurance Company (Amica) under a policy which provided $25,000 in PIP coverage. Appellees' vehicle was insured by United Services Automobile Association (USAA) under a policy which provided $50,000 in PIP coverage. Shortly after their injuries, appellees filed claims, seeking PIP benefits from all three insurers. Erroneously asserting that their policy provided only $5,000 in basic PIP coverage, appellants paid only $2,500 of appellee Mrs. McDonnell's claim. Eventually, however, she was paid an additional $22,500 in PIP benefits by Amica and an additional $25,000 in PIP benefits by USAA. Appellee Dr. McDonnell's small claim for PIP benefits was paid entirely by USAA.

Appellees then filed this suit against appellants, seeking to recover additional PIP benefits, penalties, attorney's fees and punitive damages. After filing their answer, appellants moved for summary judgment. The trial court denied appellants' motion, but certified its order for immediate review. Appellants applied to this court for an interlocutory appeal from the denial of their motion for summary judgment and their application was granted.

1. Despite the asserted applicability of three separate policies, appellee Mrs. McDonnell is eligible to receive no more than $50,000 in PIP benefits. *Voyager Cas. Ins. Co. v. King,* 172 Ga. App. 269 (323 SE2d 4) (1984). She has already been paid $50,000 in PIP benefits, having received $2,500 from appellants, $22,500 from Amica and $25,000 from USAA. "Though [Amica and USAA] did not specify for what reason [they] paid [her $47,500], the only logical deduction and plausible conclusion was that [they] paid the [$47,500] as a compromise and settlement of [their] potential liability for [PIP] coverage. [Cit.]" *Jefferson-Pilot Fire &c. Co. v. Combs,* 166 Ga. App. 274, 276 (304 SE2d 448) (1983).

Appellee Mrs. McDonnell has no viable claim for PIP benefits in excess of $50,000 simply because appellants may have been the primary no-fault carriers and it was appellants, rather than Amica and USAA, that would have been obligated for the entirety of the $50,000 in PIP benefits which she was otherwise entitled to receive. See *Futch v. J. C. Penney Ins. Co.,* 182 Ga. App. 169, 170 (2) (354 SE2d 869) (1987) (uninsured motorist coverage). Likewise, she has no viable claim for PIP benefits in excess of $50,000 simply because Amica's payment of $22,500 was made pursuant to a loan receipt. With but two exceptions, neither of which is applicable here, subrogation as to no-fault benefits is prohibited. See OCGA § 33-34-3 (d) (1). Thus, to give effect to the Amica loan receipt would be to countenance the indirect accomplishment of that which the law expressly prohibits from being accomplished directly. Accordingly, a loan receipt agreement between an injured party and a no-fault carrier with no subrogation rights must be considered as "an absolute payment and not a loan." *American Chain &c. Co. v. Brunson,* 157 Ga. App. 833, 837 (278 SE2d 719) (1981).

Since appellee Mrs. McDonnell has already received the $50,000 in PIP benefits to which she is otherwise entitled, it follows that the trial court erred in denying appellants' motion for summary judgment as to their liability to her for any additional PIP benefits.

2. The trial court likewise erred in denying appellants' motion for summary judgment as to their liability to appellee Dr. McDonnell for any additional PIP benefits. His small PIP claim has already been paid. Although the stacking of PIP coverages is permissible, a double recovery of PIP benefits is not. See *Baron v. State Farm &c. Ins. Co.,* 157 Ga. App. 16 (276 SE2d 78) (1981).

3. A review of the record shows, however, that a genuine issue of material fact does remain as to appellants' liability to appellees for penalties, attorney's fees and punitive damages. Although appellees were eventually paid PIP benefits, appellants did not affirmatively negate the possibility that those payments were not made in the timely manner required by OCGA § 33-34-6. "[A] consideration of

[appellants'] liability under OCGA § 33-34-6 is not precluded by [Amica's and USAA's] eventual payment of no-fault benefits to [appellees] and by [their] acceptance of those benefits." *Baker v. J. C. Penney Cas. Ins. Co.*, 192 Ga. App. 134, 135 (1) (384 SE2d 233) (1989). If, notwithstanding their purported status as the primary no-fault carriers, appellants are otherwise entitled to claim the benefit of the payments which were made by Amica and USAA, they must also bear the legal consequences if those payments were made untimely.

4. The denial of summary judgment is reversed as to appellants' liability for additional PIP benefits. The denial of summary judgment is affirmed as to appellants' liability for penalties, attorney's fees and punitive damages.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 7, 1990 —
REHEARING DENIED FEBRUARY 21, 1990.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, Robin L. Peek, Kathryn S. Whitlock*, for appellants.
*Tony Center*, for appellees.