## A90A1576. THOMAS v. THE STATE.
(404 SE2d 315)

COOPER, Judge.

Craig Thomas was indicted and tried for malice murder. The jury found him guilty of voluntary manslaughter and he appeals, asserting 16 enumerations of error.

Evidence presented at trial showed that on May 12, 1989, appellant and his girl friend, the victim, had been together drinking beer and liquor from approximately ten in the morning until midnight. At about 7:30 that evening they had gone to appellant's mother's house where appellant lived. While appellant socialized with family members, his girl friend retired to the bedroom to drink and watch television. Several hours later, appellant's girl friend was discovered unconscious on the bed and after police arrived, was pronounced dead. The medical examiner who performed the autopsy testified that he found contusions and bruises on the victim's face and neck as well as abrasions and contusions on the back of the left shoulder, abdomen and thigh. He further testified that the cause of death was internal bleeding caused by blunt force to the head and neck, and that those injuries could have been inflicted on the victim several hours before her death. Appellant was subsequently arrested and charged with murder. In his statement to the police, he said that after arriving at his mother's house, his girl friend went to the bedroom; that later that night he went into the bedroom to get a bottle of whiskey and saw his girl friend sitting upright on the bed; and that when he returned to the bedroom several minutes later, he found her lying on her back on the bed with blood coming from her mouth. Appellant denied having argued with the victim that day but admitted that on previous occasions he had twisted the victim's arm and had also pushed and slapped her. Various members of the victim's family testified that on prior occasions they had seen appellant punch the victim in the face, beat her with a shoe, kick her, stomp on her and threaten to kill her. The victim's mother stated that her daughter had not previously suffered a head injury.

1. Appellant contends the trial court erred in refusing to let him impeach several of the victim's family members. Appellant sought to impeach the testimony of the victim's family by showing that on several occasions, more than two years before her death, one of her brothers had called the police when he was threatened by another brother and that this brother had also hit the victim with a stick in

the presence of their mother. We recognize that "[t]he right of a criminal defendant to impeach the witnesses against him by presenting evidence contrary to theirs is an invaluable one." *Smith v. State*, 190 Ga. App. 6, 8 (2) (378 SE2d 349) (1989). However, the evidence proffered by appellant in the instant case was not of sufficient relevance for its exclusion to constitute harmful error. "Although 'a witness may be impeached by disproving the facts testified to by him,' [cit.], a witness may not be impeached based upon a discrepancy relating to a wholly immaterial matter. [Cit.]" *Brown v. State*, 260 Ga. 153, 156 (4) (391 SE2d 108) (1990). Accord *Carson v. State*, 192 Ga. App. 52 (2) (383 SE2d 619) (1989). Accordingly, the trial court did not err in its ruling.

2. Appellant enumerates as error the denial of his motion in limine seeking the exclusion of testimony concerning his alleged prior beatings of the victim. Appellant argues that the evidence was "similar transactions" evidence which required the State to comply with the notice requirements of Rule 31.3 of the Uniform Rules of Superior Court. We disagree. The appellate courts " 'have often held that evidence of prior difficulties between an accused and the victim is admissible to illustrate the accused's motive, intent, or bent of mind toward the victim. [Cits.]' [Cit.]" *Cannon v. State*, 257 Ga. 475, 478 (3) (360 SE2d 592) (1987). In a murder prosecution, testimony of observed arguments and physical violence is "admissible as evidence of the relationship between the defendant and the victim. [Cit.]" *Rotino v. State*, 259 Ga. 295 (2) (380 SE2d 261) (1989).

3. Appellant contends that the portion of his statement to police in which he admitted having slapped the victim and twisted her arm was improperly allowed into evidence because it was irrelevant and placed his character in evidence. We do not agree. Appellant's statements relating to his treatment of the victim were illustrative of prior difficulties between him and the victim and, as discussed in Division 2, such evidence is relevant and admissible to shed light on the state of feelings between them and to show motive. " 'Evidence which is otherwise admissible is not rendered inadmissible because it incidentally places the defendant's character in issue.' [Cit.]" *Williams v. State*, 259 Ga. 495 (2) (c) (384 SE2d 654) (1989), citing *Walraven v. State*, 250 Ga. 401, 408 (297 SE2d 278) (1982).

4. Appellant contends that the trial court erred in failing to charge or give a limiting instruction on prior difficulty or similar transaction evidence. "It is axiomatic that where evidence has been admitted for a limited purpose 'it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury*.' [Cits.]" *Rayner v. State*, 190 Ga. App. 746 (380 SE2d 342) (1989). We do not find that the failure to give this charge, in the ab-

sence of a request, was "clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." *Laney v. State*, 184 Ga. App. 463 (2) (361 SE2d 841) (1987).

5. In his third enumeration of error, appellant contends that the trial court erred in denying his motion for mistrial on the ground that the court's charge was repetitive and contained an improper inference of appellant's guilt. The trial transcript does not support appellant's argument. The judge explained that appellant denied his guilt and fully charged on the principles of reasonable doubt, presumption of innocence and the State's burden of proof, telling the jury that if they did not believe appellant was guilty of any of the offenses or had a reasonable doubt, they should acquit him. The court concluded by instructing the jury that it wanted to "emphasize" that anything it did or said during the trial did not "intimate, hint or suggest which of the parties should prevail. . . ." " 'A mere repetition of a principle of law, while unnecessary, will not work a reversal unless it appears from the charge as a whole that there was such undue emphasis as to result in an unfair statement of the law in relation to the defendant's rights. (Cit.)' . . . 'When the charge is read as a whole, we cannot say that it confused or misled the jury or in any manner resulted in an unfair statement of the law as it relates to defendant.' [Cit.]" *Brown v. State*, 182 Ga. App. 682 (1) (356 SE2d 663) (1987).

6. In his fourth enumeration of error, appellant complains that the trial court erred in refusing to order the State to produce arrest and conviction records of certain witnesses. The prosecutor stated in his place that one of these witnesses was currently serving a jail term and he had heard that the other two might have a record, but he had no "hard copies or prints or anything as such." The State is not deemed to be in possession of such criminal records and " 'does not "suppress" evidence by refusing to conduct a search for it, even though the evidence may be more accessible to the [S]tate than to the defense.' [Cit.]" *Keller v. State*, 253 Ga. 512 (2) (322 SE2d 243) (1984).

7. Appellant's sixth enumeration of error, that the trial judge improperly expressed an opinion when he stated that the phrase "positive witness" found in OCGA § 24-4-7 was "unfortunate language," is without merit. The judge instructed the jury that this meant a witness who testified positively rather than negatively to a fact. This statutory language currently contained in OCGA § 24-4-7 has long been judicially recognized as "inaptly stated," (see *Great American Indem. Co. v. Oxford*, 68 Ga. App. 884 (1) (24 SE2d 726) (1943)), and we find nothing improper about the judge's comment.

8. Appellant's eighth enumeration of error is that the trial court erred in refusing to permit his mother to respond to a question about

whether she would have known if a fight had occurred in her house on the evening in question. We find no harm in not allowing the witness to answer the question since she testified almost immediately afterwards that she would have heard it [fighting] if it had gone on.

9. In his ninth enumeration of error, appellant contends that the court erred in allowing the victim's sister-in-law to testify on direct examination that the victim told the witness the victim was tired of appellant hitting the victim. Appellant objected after the witness made the statement and the trial court sustained the objection. Appellant's motion for mistrial was subsequently denied. We find no harm in the admission of this testimony in light of appellant's statement to the police that he had hit the victim before and the testimony from other witnesses that appellant had hit the victim on previous occasions. *Ellis v. State*, 181 Ga. App. 630 (3) (353 SE2d 822) (1987).

10. The trial court did not improperly comment on the evidence by instructing the jury that the medical examiner was an expert witness, thus invading the jury's province as exclusive finder of fact. Rather, the judge correctly stated that the expert's opinion was entitled only to such weight as the jury thought it was entitled, and that the jury was not bound by the expert's opinion. Such a charge was approved in *Jones v. State*, 189 Ga. App. 232 (1) (375 SE2d 648) (1988), although the case was reversed because the trial court went further to add his personal opinion as to the expert status of the witness and the credibility of his testimony.

11. The trial judge charged the jury that their verdict must be unanimous and that they should all participate in the deliberations in a businesslike manner with that idea in mind. The judge further stated that it did not matter how long the deliberations took and that the jury should not "get the impression that the court is saying to you that before you can take a vote or do anything you have to go in the jury room, have a great two or three hour discussion." We find no error with the court's charge; therefore, appellant's eleventh enumeration of error is without merit.

12. The trial court did not improperly charge the jury on voluntary intoxication, as both appellant and other witnesses testified that he had been drinking heavily on the day in question. A charge on the subject was proper regardless of whether his intoxication was raised as an issue or defense. *McKenzie v. State*, 249 Ga. 582 (2) (292 SE2d 692) (1982).

13. In his thirteenth enumeration of error, appellant argues that the charges on voluntary manslaughter and the alternative count of felony murder, given over his objection that there was no evidence of a fight indicating heat or passion or the use of a deadly instrument to justify an aggravated assault, constitute reversible error. He further

argues that the indictment did not specifically allege a felony. At the conclusion of the court's charge, the judge asked if there were any objections and appellant's counsel responded that he would reserve objections. In spite of this reservation of objections, appellant's counsel proceeded to object to the charge on the ground that it improperly intimated that appellant was guilty of a crime. This was the only objection made by appellant and we addressed it in Division 5. " 'If the trial court asks whether or not there are any objections to the charge, counsel must *either* state his objections *or* reserve his right to object on motion for new trial or on appeal.' [Cit.] An appellant cannot elect to object at trial to some of the charges and reserve his right to object to additional charges later. When asked if he has any objections by the trial court, appellant either must make all of his objections immediately or else he must reserve his right to object until later. He cannot do both. [Cit.]" *Laster v. State*, 196 Ga. App. 854 (2) (397 SE2d 191) (1990). Accordingly, we find that appellant has waived his right to object to the alleged improper charge.

14. There was no error in the refusal of the trial court to give appellant's requested charge on mere suspicion. This principle was thoroughly covered by the court's charges on reasonable doubt and the State's burden of proof, and thus an instruction in the exact language requested was not necessary. *Casas v. State*, 193 Ga. App. 53, 54 (387 SE2d 20) (1989).

15. Appellant was not entitled to a directed verdict on the ground that there was a fatal variance between the allegata and the probata. The indictment for malice murder alleged that the victim was killed by being struck with a "bludgeon object" unknown to the grand jurors. The medical examiner testified that although he could not specifically identify the instrument with which the victim was beaten, in his opinion the intracranial bleeding which caused her death resulted from a blunt force trauma to the head and neck. "A directed verdict is appropriate only where there is no evidence to support a verdict to the contrary. [Cits.]" *Hood v. State*, 193 Ga. App. 701, 702 (1) (389 SE2d 264) (1989).

16. There was evidence that appellant was with the victim all day and had argued with her. There was also evidence that appellant had beaten the victim on previous occasions. Appellant had no explanation for the victim's injuries. Appellant's motion for new trial on the general grounds was properly denied as the evidence adduced at trial was sufficient for a rational trier of fact to find him guilty of voluntary manslaughter beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED MARCH 12, 1991.

*Jonathan J. Wade*, for appellant.
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Joseph J. Drolet, Joseph F. Burford, Assistant District Attorneys*, for appellee.