## A92A0530. MORRIS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
### (418 SE2d 119)

BIRDSONG, Presiding Judge.

This is an appeal from the jury verdict and judgment for defendant/appellee State Farm Mutual Automobile Insurance Company (State Farm) in a suit brought by appellant for PIP or "no fault" benefits, penalties, punitive damages, and attorney fees allegedly arising from the processing of a claim based on an insurance policy issued by appellee and insuring appellant. There are nine enumerations of error. *Held*:

1. Appellant asserts the trial court erred in refusing to charge appellant's request no. 17 (a) "that the issue of the insurer's good faith is to be determined by the events and circumstances during the thirty-sixty day time period." Although this charge comes from *Lawson v. State Farm &c. Ins. Co.*, 256 Ga. 285, 286 (347 SE2d 565), the language thereof does not establish an acceptable format for a charge of general applicability. "[T]hough the language used in a particular appellate decision may embody sound law, it is not always appropriate to employ such language in instructing the jury." *Department of Transp. v. Hillside Motors*, 192 Ga. App. 637, 640 (3) (385 SE2d 746). For example, the reference on the face of the charge request to a claim "within thirty-sixty day period" is confusing and is not adequately adjusted to preclude a fair risk of misleading the jury. If *any portion* of a requested charge is inapt, incorrect, misleading, confusing, argumentative, not precisely adjusted or tailored, or not reasonably raised or authorized by the evidence, denial of the charge request is proper. *Hill v. State*, 259 Ga. 557, 558 (3 b) (385 SE2d 404); *Mattox v. MARTA*, 200 Ga. App. 697, 699 (4) (409 SE2d 267); *Jones v. State*, 200 Ga. App. 519, 521 (2 c) (408 SE2d 823). Additionally, as in this case, a requested charge properly is refused if the principle involved is substantially covered in the charges given. *Mattox*, supra at 699 (2).

2. Appellant asserts the trial court erred in refusing to charge appellant's request no. 10 (a). Pretermitting the question of whether the first part of the requested charge was a complete and accurate statement of the law (compare, e.g., *State Farm &c. Ins. Co. v. Ainsworth*, 198 Ga. App. 740, 744 (1c) (402 SE2d 759); *Baker v. J. C. Penney Cas. Ins. Co.*, 192 Ga. App. 134, 136 (384 SE2d 233); *Hufstetler v. Intl. Indem. Co.*, 183 Ga. App. 606, 607 (2) (359 SE2d 399); *Jones v. State Farm &c. Ins. Co.*, 156 Ga. App. 230, 235 (274 SE2d 623); Jenkins & Miller, Ga. Auto. Ins. Law, § 26-2), the last sentence thereof pertaining to verifying or disproving the claim "within thirty-sixty day period," was confusing and not precisely adjusted. *Hill*, supra; *Mattox*, supra; *Jones*, supra.

3. Appellant asserts the trial court erred in refusing to charge ap-

pellant's request no. 13 (a) "that if the insurer has not made a good faith investigation, this in itself is evidence of bad faith." "A requested charge needs to be given only where it embraces a correct and complete principle of law adjusted to the facts and which is not otherwise included in the general instructions given." (Punctuation omitted.) *State Farm Fire &c. Co. v. Morgan*, 185 Ga. App. 377, 380 (2b) (364 SE2d 62). Moreover, the instruction appears to be argumentative within the meaning of *Ballard v. State*, 11 Ga. App. 104 (1) (74 SE 846), and a trial court never errs in refusing to give an argumentative instruction. See, e.g., *Broomall v. State*, 260 Ga. 220 (4a) (391 SE2d 918). Also, the court substantially instructed the jury as to the meaning of good and bad faith, and when charge request no. 13 (a) is examined within the framework of these charges, it is readily apparent that the giving of this request would run a fair risk of causing not only the requested charge but the related charges to be confusing to the jury.

4. Appellant asserts the trial court erred in charging the jury as to defendant's charge request no. 5, which appears to adopt certain language found in OCGA § 51-12-5.1 regarding the standard for awarding punitive damages (OCGA § 51-12-5.1 (b)) and the purpose of awarding punitive damages (OCGA § 51-12-5.1 (c)). Although we have been presented with no direct authority for the giving of such a charge, we find that the trial court did not err as asserted. See *Collins v. State Farm &c. Ins. Co.*, 197 Ga. App. 309, 310 (2) (398 SE2d 207).

5. Appellant asserts that the trial court erred in charging defendant's request to charge no. 7 that "good faith on the part of the defendant can be evidenced by defense to a claim because of a possible preexisting medical condition, because of complex and first impression legal issues and because there exists a bona fide issue of dispute." The record reflects that after appellant took exception to request to charge no. 7, he withdrew the exception after being advised the particular charge had not been given. The record reflects that request to charge no. 7 was not in fact given by the trial court, rather a modified version of the charge request was given which made no mention of possible preexisting medical conditions or of complex and first impression legal issues.

In these circumstances, we find appellant should not have been misled regarding whether charge request no. 7 had been given, and that his withdrawal of exception was valid and binding. Having failed to take and maintain a timely exception to defendant's request to charge no. 7, this issue is not preserved for appellate review. OCGA § 5-5-24 (a). Moreover, the charge as given, although not a model for instruction crafting, does not contain a substantial error harmful as a matter of law within the meaning of OCGA § 5-5-24 (c). Additionally, appellant's enumerations fail to assign as error the modified charge

actually given by the trial court, and an enumeration cannot be enlarged on appeal by statements in briefs regarding issues not made in the enumeration. *City of College Park v. Ga. Power Co.*, 188 Ga. App. 223 (372 SE2d 493). Finally, the only argument made in appellant's brief regarding the charge language "and because there exists a bona fide issue of dispute," was a concession that "the only way the last part of the charge would be appropriate would be if the 'and' were an 'or.' " This argument has no applicability to the charge actually given, and all legal issues regarding the charge as actually given, which were neither argued nor supported by citation of authority in appellant's brief, were waived. Court of Appeals Rule 15 (c) (2).

6. Appellant asserts two specific errors in his sixth enumeration. This practice is prohibited by statute. OCGA § 5-6-40. Although we could refuse to address any error not set out separately (*Murphy v. State*, 195 Ga. App. 878 (6) (395 SE2d 76)), we may in our sound discretion elect to review any one or more of the assertions of error contained in a single enumeration and treat the rest as abandoned. *West v. Nodvin*, 196 Ga. App. 825, 830 (4c) (397 SE2d 567); see *Robinson v. State*, 200 Ga. App. 515, 518 (2) (408 SE2d 820). We elect to review the first assertion of error in the enumeration that the trial court erred in charging defendant's request no. 20 "that there is no provision under Georgia's No-Fault Act which authorizes recovery by plaintiff for any alleged mental or physical pain and suffering." This charge is a correct statement of law. *Miller v. Spicer*, 147 Ga. App. 759, 761 (6) (250 SE2d 492). Assuming arguendo giving this charge had been error, we are satisfied that the charge, as crafted, would not affect the verdict and was harmless beyond a reasonable doubt. *Gavin v. Vasquez*, 261 Ga. 568, 570 (407 SE2d 756).

Although we have elected not to review the additional assertion of error contained in enumeration no. 6, regarding the trial court's failure to charge appellant's request no. 4 (a), we note the charge as a whole is somewhat confusing, appears to incorporate without adequate transition two unrelated legal contentions regarding "pain" and witness credibility, and the last portion thereof also appears to be argumentative. *Hill*, supra; *Mattox*, supra; *Jones*, supra.

7. Appellant asserts the "trial court erred in admitting over objection the report of findings the CT scan performed by" two doctors. We need not resolve whether appellant's objection at trial solely on the grounds of hearsay without any specific objection as to lack of foundation for the introduction of the medical records pertaining to the CT scan would suffice to preserve this issue for appellate review. The record reflects that apparently the issue of CT scan results initially was called to the jury's attention, during direct examination, by appellant's medical expert and then by appellant. It matters not that this procedure may have been prompted by a trial tactic adopted by

appellant to minimize the effect of the anticipated later admission of CT scan results by appellee, as it is well established that a party cannot complain of a judgment, order, or ruling that his own procedure or conduct aided in causing. *West v. Nodvin*, supra at 829 (3e); *Stephenson v. Wildwood Farms*, 194 Ga. App. 728, 729 (2) (391 SE2d 706).

8. Appellant enumerates that the trial court erred in its ruling as to the time for determination of bad faith. We observed in Division 1 above that ultimately the issue as to the time for determination of bad faith was substantially covered in the charges given the jury. *Mattox*, supra. However, appellant asserts he was prejudiced by being unable to argue his position to the jury, because the trial court did not reverse its erroneous position until after argument was completed. The record reflects that after closing argument when the trial court informed counsel of its change of position and of its intent to modify its charge to the jury, neither party requested reargument. "If the appellant was misled by the court's action, it was incumbent on him to request to reargue. . . . Failure to do so acts as a waiver." *Hall v. State*, 259 Ga. 243, 245 (4) (378 SE2d 860), overruled in part on other grounds, *Heard v. State*, 261 Ga. 262, 263 (3) (403 SE2d 438).

9. Appellant asserts the trial court erred in admitting over objection a certified copy of a complaint filed in a 1982 accident and the interrogatories and certain discovery pertaining thereto. The trial court admitted these documents for purposes of impeachment.

As a general rule, a party may show anything which may, in the slightest degree, affect the credit of an opposing witness. *McGriff v. McGriff*, 154 Ga. 560, 561 (5) (115 SE 21); Agnor, Ga. Evidence, Credibility and Impeachment, § 5-1. " 'A witness may be impeached by disproving the facts testified to by him.' [Cit.] [And], while a witness may be impeached on a collateral issue which is indirectly material to the issue in the case [cit.], a witness may not be impeached because of a discrepancy as to a wholly immaterial matter." *Gilbert v. State*, 159 Ga. App. 326, 327 (2) (283 SE2d 361). A witness can be impeached as to matters relevant to his testimony and to the case, and by disproving facts testified to by him. See OCGA §§ 24-9-82; 24-9-83. And evidence tendered for purposes of impeachment need not be of the kind or quality required for proving the facts in issue. *Smith v. State*, 190 Ga. App. 6, 7 (2) (378 SE2d 349).

We are satisfied that appellant was not impeached as to wholly immaterial matters, but was attempted to be impeached as to matters at least indirectly if not directly material as to appellant's testimony and to issues in this case. The evidence in issue had some relevancy and materiality for purposes of tending to disprove certain facts to which appellant had testified. A trial court enjoys a wide discretion in determining the admissibility of evidence. *Spencer v. State*, 260 Ga.

640, 645 (8) (398 SE2d 179); cf. *Thomas v. Clark*, 188 Ga. App. 606, 608 (4) (373 SE2d 668); *Long v. State*, 185 Ga. App. 277 (363 SE2d 807). And the record does not establish the trial court abused its discretion in admitting the evidence for purposes of impeachment.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED APRIL 7, 1992.

*McReynolds & Welch, Aubrey T. Villines, Jr.,* for appellant.
*Downey, Cleveland, Parker & Williams, Y. Kevin Williams, J. Calhoun Harris, Jr.,* for appellee.