A92A0122. PEACOCK et al. v. RAPID GROUP, INC.
(419 SE2d 61)

CARLEY, Presiding Judge.

Appellant-plaintiff Robin Denise Peacock was injured in an automobile collision while driving her employer's vehicle. She thereafter submitted no-fault claims to both appellee-defendant Rapid Group, Inc. (RGI), her employer's no-fault carrier, and appellant-plaintiff Southern General Insurance Company (SGIC), her own personal no-fault carrier. Neither the RGI nor the SGIC policy afforded an insured more than the mandatory minimum no-fault coverage of $5,000. See former OCGA § 33-34-4 (a) (2). RGI refused to pay Peacock any no-fault benefits, but SGIC paid her the full $5,000 for her medical expenses and loss of income. Subsequently, the instant suit was brought against RGI, SGIC seeking to recover the no-fault benefits that it had paid Peacock and Peacock seeking to recover a bad-faith penalty, attorney's fees, and punitive damages under former OCGA § 33-34-6 (b, c). A motion for partial summary judgment on the issue of RGI's liability for Peacock's no-fault benefits was granted and the case proceeded to trial on the issue of RGI's liability for a bad faith penalty, attorney's fees, and punitive damages. At the close of SGIC's and Peacock's evidence, RGI moved for a directed verdict. The trial court granted RGI's motion but, pursuant to its earlier grant of summary judgment, awarded no-fault benefits and attorney's fees to SGIC. Both SGIC and Peacock appeal.

1. Having paid no-fault benefits to Peacock, SGIC sought to recover against RGI under the doctrine of equitable subrogation. SGIC urges that, under this doctrine, it would be entitled to recover a penalty, attorney's fees and punitive damages from RGI and that it was error to grant RGI's motion for directed verdict as against such a recovery. However, "[w]ith but two exceptions, neither of which is applicable here, subrogation as to no-fault benefits is *prohibited*. [Cit.] Thus, to [apply equitable subrogation] would be to countenance the

indirect accomplishment of that which the law expressly prohibits from being accomplished directly." (Emphasis supplied.) *National Surety Corp. v. McDonnell*, 194 Ga. App. 597, 598 (1) (391 SE2d 424) (1990). See former OCGA § 33-34-3 (d) (1).

Therefore, the trial court did err, but that error was *not* in granting RGI's motion for a directed verdict as against SGIC. The error was in awarding SGIC no-fault benefits and attorney's fees to which SGIC was *not* entitled. SGIC has no cause for complaint that the trial court did not *compound* this error. By granting RGI's motion for directed verdict, the trial court correctly precluded SGIC from any *additional* unauthorized recovery against RGI.

2. Peacock had no viable claim for no-fault benefits from RGI. She had already received $5,000 in no-fault benefits from SGIC and she had "no viable claim for PIP benefits in excess of [$5,000] simply because [RGI] may have been the primary no-fault [carrier] and it was [RGI], rather than [SGIC], that would have been obligated for the entirety of the [$5,000] in PIP benefits which she was otherwise entitled to receive. [Cit.]" *National Surety Corp. v. McDonnell*, supra at 598 (1).

Nevertheless, " '(a) consideration of (RGI's) liability under [former] OCGA § 33-34-6 is not precluded by (SGIC's) eventual payment of no-fault benefits to (Peacock) and by (her) acceptance of those benefits.' [Cit.] If, notwithstanding (its) purported status as the primary no-fault [carrier], [RGI is] otherwise entitled to claim the benefit of the payments which were made [to Peacock] by [SGIC], [it] must also bear the legal consequences *if those payments were made untimely*." (Emphasis supplied.) *National Surety Corp. v. McDonnell*, supra at 598-599 (3).

"In regard to [Peacock's] claim for medical bills, the record is . . . clear that [she] received payment [from SGIC] within 30 days [of submission of her claim to RGI] for *all* medical bills submitted to [RGI]. . . ." (Emphasis supplied.) *Strickland v. American Home Assur. Co.*, 186 Ga. App. 425, 427 (367 SE2d 241) (1988). Accordingly, Peacock has no claim under former OCGA § 33-34-6 (b, c) based upon the payment of no-fault benefits for her medical bills.

However, Peacock did not receive payment from SGIC for any of her lost income until *more* than 60 days after submission to RGI of her claim. Although RGI cannot be held liable for penalties or punitive damages under former OCGA § 33-34-6 (b, c) as to any benefits which were *timely* paid by SGIC, as to that portion of Peacock's claim for loss of income for which payment was *untimely,* RGI has not met its burden of proving that "its delay in paying [Peacock's] claim 'was attributable to (Peacock's) failure to submit reasonable proof in support of that claim rather than to bad faith on the part of [RGI].' [Cit.]" *Hufstetler v. Intl. Indem. Co.*, 183 Ga. App. 606, 609-

610 (2) (359 SE2d 399) (1987). Although RGI had received sufficient documentation to know that a claim was being made, RGI produced no evidence that it took any sort of action to verify or disprove, by any means, the basic components of Peacock's claim. Moreover, the evidence shows that RGI never notified Peacock that further proof was needed. "Whether [RGI] acted in bad faith was an issue for the jury to decide." *Insurance Co. of North Amer. v. Smith,* 189 Ga. App. 353, 355 (1) (375 SE2d 866) (1988). See also *Hufstetler v. Intl. Indem. Co.,* supra at 608-609 (2); *State Farm Mut. Auto. Ins. Co. v. Ainsworth,* 198 Ga. App. 740, 747 (3) (402 SE2d 759) (1991).

Therefore, the trial court erred in directing a verdict on the issue of Peacock's entitlement to recover a penalty, attorney's fees, and punitive damages from RGI based upon the alleged untimely payment of benefits for lost income. Remaining grounds which were not urged below in support of the trial court's grant of RGI's motion for a directed verdict will not be considered on appeal. *Grabowski v. Radiology Assoc.,* 181 Ga. App. 298, 299 (2) (352 SE2d 185) (1986).

3. The trial court's grant of RGI's motion for directed verdict as to SGIC's additional recovery is affirmed. The trial court's grant of RGI's motion for directed verdict as to Peacock's recovery of a penalty, attorney's fees, and punitive damages based upon untimely payment of no-fault benefits for medical bills is affirmed. The trial court's grant of RGI's motion for directed verdict as to Peacock's recovery of a penalty, attorney's fees, and punitive damages based upon the untimely payment of no-fault benefits for lost income is reversed.

*Judgments affirmed in part and reversed in part. Pope and Johnson, JJ., concur.*

DECIDED APRIL 30, 1992 —
RECONSIDERATIONS DENIED MAY 27, 1992.

*Sutton & McCreary, Richard C. Sutton, Wetzel & Associates, Michael L. Wetzel,* for appellants.
*William V. Hall, Jr.,* for appellee.