## 44140. JAMES v. THE STATE.
(355 SE2d 60)

CLARKE, Presiding Justice.

Ronald Dean James, appellant, shot the victim Cleo Woodman, Jr., five times in the presence of witnesses.[1] Witnesses testified that they saw no arguing or fighting between the appellant and the victim and that the victim had no weapon. Appellant testified at trial that shortly after midnight on the night of the shooting he had a confrontation with the victim during which the victim had cut him with a knife. He said that he went looking for the victim. This testimony was not borne out by other witnesses. In fact, one witness testified that appellant had shown him the cut on his hand in question earlier in the day and told him that he had fallen. Appellant did not mention the altercation or the knife in the taped statement which he gave police.

1. In his first enumeration of error appellant contends that the evidence was not sufficient to support the verdict. We find that there was ample evidence to satisfy the requirements of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant next contends that the trial court erred in not suppressing an in-custody statement which was not furnished to appellant within the ten days required by OCGA § 17-7-210. In a related enumeration, he insists that the court erred in determining that the statement was voluntary. After being given his *Miranda* rights and

---

[1] The crime occurred on September 28, 1985. Appellant was indicted January 14, 1986. He was tried and convicted of murder on March 13, 1986 and sentenced to life imprisonment. Appellant filed a motion for new trial April 8, 1986, and this motion was denied August 15, 1986. He filed a notice of appeal September 12, 1986. The transcript was certified June 5, 1986, and the case was docketed in this court December 4, 1986, and submitted for decision January 16, 1987.

being interviewed briefly, appellant was informed of the charges against him. At this juncture, appellant made the statement that he never intended to hurt anyone. Later, after being given his *Miranda* rights again, appellant made a formal statement which was taped. As appellant was making this statement the police referred to his earlier extemporaneous statement that he never meant to hurt anyone. This taped statement was transcribed and furnished to appellant. The oral statement made by appellant was also furnished to him by the state, although not within the ten days prior to trial as required by OCGA § 17-7-210. Appellant now argues that because the oral statement was not furnished to him in the required time, the transcribed statement which was timely furnished him is not admissible because it contains a reference to the oral statement. This cannot prevail. Not only was the statement in question exculpatory and helpful to appellant if introduced by the state, but, more importantly, appellant cannot complain that he had no knowledge of an oral statement when it was included within a transcribed statement timely furnished him.

3. In his final enumeration of error, appellant complains of the voluntariness of his statement to police. The trial judge, following a *Jackson v. Denno* hearing, found that the statement was voluntary. In the absence of any evidence that this finding was clearly erroneous, we will not look behind the finding of the trial judge. *Berry v. State*, 254 Ga. 101 (326 SE2d 748) (1985); *Jones v. State*, 245 Ga. 592 (266 SE2d 201) (1980).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 1987.

*Davis & White, Harry B. White*, for appellant.

*Darrell E. Wilson, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General*, for appellee.