## 45202. ANDERSON v. THE STATE.

(365 SE2d 421)

MARSHALL, Chief Justice.

Richard P. Anderson appeals his conviction of two counts of malice murder and one count of armed robbery, for which he was sentenced to two consecutive terms of life imprisonment and a consecutive 20-years' imprisonment.[1] We affirm.

The victims were the manager of a trailer park and her 12-year-old son — Barbara and Allen Price. When the manager did not bring the weekly rental receipts to the owner on time, a search was conducted, during which the victims' bodies were found in their trailer. They had been bound with hemp rope, gagged, and shot by a .22-caliber pistol through cloth materials and a homemade silencer — to muffle the sounds. They died of gunshot wounds to their heads. Anderson had been observed riding through the trailer park on his motorcycle. The trailer had been ransacked, and cash boxes were found lying in and near the manager's motor vehicle. Approximately $1,000 was missing from the week's receipts. A report of a similar crime was received from Arkansas. The Arkansas victims had been tied, gagged, robbed, and shot in an almost identical manner, having been shot through folded fabric by a .22-caliber pistol with a homemade silencer. A similar crime was reported in Florida. When the Florida crime was committed, Wallace Perry, another suspect in the Georgia murders, was in custody, but Anderson had been released on bond and had fled the state. When Anderson was arrested in Canada, he had in his briefcase a piece of metal tubing suitable for a homemade silencer, pieces of terry cloth suitable for gags, and some hemp rope. He denied to investigating officers that he had participated in the Georgia crimes, but admitted the Arkansas crimes, saying that he committed them with the other suspect, Wallace Perry. He admitted to the investigator his use in Arkansas of a weapon with a silencer, and a bedspread. He admitted having bound the Arkansas victims "the way he always tied the knots." He also admitted that he and Perry committed the Florida crime. Ballistics testimony indicated that the same weapon was used to commit the Arkansas and Georgia crimes. Testimony indicated that the appellant could have travelled the distances between the scenes of the crimes on his motorcycle during the time intervals between the crimes.

1. Enumerated errors 1 and 2 complain that the trial court should

---

[1] The crimes were committed on August 25, 1980. Anderson was convicted and sentenced on April 8, 1982. His motion for new trial was filed on May 7, 1982, amended on June 16, 1986, and September 24, 1987, and overruled on October 9, 1987. The transcript of evidence was filed in the trial court on September 22, 1986. Notice of appeal was filed on October 22, 1987. The appeal was docketed in this Court on November 17, 1987. After briefing, the case was submitted for decision without oral argument on January 1, 1988.

have granted the appellant's motion for continuance on the grounds that he had not been notified that the court intended to conduct a Unified Appeal proceeding at arraignment, for which hearing he was not prepared, and that he had not been furnished a complete copy of the Unified Appeal Procedure. He argues that, although he was not given the death penalty, the failure to grant his motion for continuance adversely affected the preparation of his case.

A refusal to grant a continuance will not be disturbed by appellate courts unless it clearly appears that the judge abused his discretion in this regard, and in all cases, the party making an application for a continuance must show that he has used due diligence. *Pope v. State*, 256 Ga. 195, 207 (12) (345 SE2d 831) (1986) and cits. Here, the motion was not timely made prior to the beginning of the hearing, and the appellant did not demonstrate a substantive basis for the motion. When he was furnished with a complete Unified Appeal checklist during the hearing, he did not renew his motion; instead he proceeded. Moreover, the checklist as amended had been published in the Georgia Reports (252 Ga. A-13), so his claims of unfamiliarity and unpreparedness have no merit.

2. In enumerated error 3, Anderson contends that the trial court erred in denying his motion for funds to hire an investigator, alleging that he is indigent. The trial court, in ruling on the motion, noted that the state's investigation had covered all facets of the cases involving scientific evidence and/or interviews with witnesses favorable to the appellant. Although the trial court refused to make a blanket grant of money without a showing of for what it was needed, it did offer to the defense, funds for out-of-state travel for defense counsel, and travel expenses for out-of-state witnesses. There was no abuse of discretion. See *Cochran v. State*, 256 Ga. 113 (3) (344 SE2d 402) (1986) and cit.

3. In enumerated error 4, the appellant complains of the denial of his pre-trial motion to have the right to examine, inspect, conduct scientific tests and photograph all of the state's physical evidence. The appellant had been furnished with scientific and medical reports, along with other information, and he has not demonstrated adequately the necessity of such examinations. Cf. *Thornton v. State*, 255 Ga. 434 (339 SE2d 240) (1986).

4. The trial court did not err, as contended in enumerated error 5, in denying the appellant's motion to be furnished with statements of the proposed testimony of the state's witnesses, as there is no general constitutional right to discovery in a criminal case. *Castell v. State*, 250 Ga. 776, 782 (2) (301 SE2d 234) (1983) and cit.

5. The trial court did not err, as urged in enumerated errors 6, 17, 18 and 19, in admitting evidence of independent crimes which occurred before the crimes in the present case. Some of this evidence

was corroborative of the appellant's own voluntary statement, and all of it was admissible to show motive, intent, bent of mind, etc. See *Lobdell v. State*, 256 Ga. 769, 771 (1) (353 SE2d 799) (1987) and cits.

6. No harmful error was shown in the trial court's failure to order the prosecution to comply with the defendant's timely request for a copy of the indictment, pursuant to OCGA § 17-7-110, where the indictment had been on file in the clerk's office for over two years, and the appellant filed and argued a demurrer to the indictment, the trial court's overruling of which is enumerated as errors Nos. 11 and 12. Enumerated error 7 is without merit.

7. There was no error, as contended in enumerated error 8, in denying the appellant's motion to suppress his in-custody statement, where he was given the opportunity to attack the voluntariness and admissibility of his statement at the proper time in a *Jackson v. Denno* hearing. *Jarrell v. State*, 234 Ga. 410 (3) (216 SE2d 258) (1975). In the absence of any evidence that the finding in said hearing that the statement was voluntary was clearly erroneous, we will not look behind the finding of the trial judge. *James v. State*, 257 Ga. 62 (3) (355 SE2d 60) (1987) and cits.

8. The trial court did not err, as contended in enumerated error 9, in refusing to exclude the district attorney from the hearing on the motion to subpoena witnesses. *Mafnas v. State*, 149 Ga. App. 286 (2) (254 SE2d 409) (1979). Cf. *Johnson v. State*, 170 Ga. App. 71 (3) (316 SE2d 160) (1984).

9. Enumerated error 10 is the denial of the appellant's motion to suppress the identification testimony of several specified persons. Some of these persons did not testify at the trial. As to those who were witnesses, there is no showing that the pre-trial photographic displays were impermissibly suggestive, or that the in-court identifications were unreliable under the totality of the circumstances. See *Hamilton v. State*, 255 Ga. 468 (1) (339 SE2d 707) (1986).

10. The trial court correctly overruled the demurrers to the indictment, which provided the appellant, with sufficient specificity, knowledge of the charges he faced. OCGA § 17-7-54. The statutory aggravating circumstances need not be alleged in an indictment, even in cases where, unlike the present case, the death penalty is sought. *Dungee v. Hopper*, 241 Ga. 236 (2) (244 SE2d 849) (1978) and cits. Enumerated errors 11 and 12 are without merit.

11. Enumerated error 13 contests the overruling of the appellant's demurrer attacking the constitutionality of the state's grand-jury system in that he did not have the opportunity to testify or to be represented at the grand-jury hearing. " 'The reasons on which the sanction of secrecy which the common law gives to proceedings before grand juries is founded are said in the books to be threefold. One is that the utmost freedom of disclosure of alleged crimes and offenses

by prosecutors may be secured. A second is that *perjury and subornation of perjury may be prevented by withholding the knowledge of facts testified to before the grand jury, which if known would be for the interest (of defendants) or their confederates to attempt to disprove by procuring false testimony.* The third is *to conceal the fact that an indictment is found against a party, in order to avoid danger that he may escape and elude arrest upon it before presentment is made.'* " (Emphases supplied.) *Howard v. State*, 60 Ga. App. 229, 236 (4 SE2d 418) (1939) and cit.

Nor was the demurrer valid on the ground that the witnesses before the grand jury were members of the law-enforcement community serving that county, and that any evidence offered would have been strictly hearsay. The evidence which the grand jury receives in finding a true bill is not subject to inquiry as to admissibility, confidentiality, relevance or prejudice, which evidentiary questions can be raised and resolved at trial. *Mitchell v. State*, 239 Ga. 456 (3) (238 SE2d 100) (1977) and cits. This enumerated error is without merit.

12. Enumerated error 14 complains of the trial court's denial of the appellant's plea in abatement, based upon the defense counsel's unsupported allegation that, prior to trial, potential jurors saw the appellant handcuffed. Defense counsel's extensive voir dire of the potential jurors did not reveal that any of them had actually observed the appellant in handcuffs, and counsel had the opportunity during voir dire to uncover any prejudice the potential jurors may have had against the appellant. This enumerated error is without merit. See *Burger v. State*, 245 Ga. 458 (3) (265 SE2d 796) (1980) and cits.

13. Enumerated error 15 contends that the trial judge's informing the appellant on the morning of the trial that sequestered voir dire would not be allowed, as had been agreed to a month previously, put the appellant in the unfair position of his defense attorneys' instantaneously having to alter their examination of potential jurors. Insufficient prejudice has been shown to make this ruling an abuse of the trial court's discretion. See *Ford v. State*, 255 Ga. 81 (3) (335 SE2d 567) (1985).

14. In enumerated error 16, the appellant complains that he improperly was arraigned in the presence of potential jurors. At the commencement of the arraignment, counsel permitted the district attorney to read the first charge against the appellant and obtain his plea thereon, and then counsel stated to the court that he would waive further reading of the indictments. Thereafter, the remainder of the charges were read and pleas were obtained thereon without objection by defense counsel. Pretermitting the question of whether this constituted error or harm, we find that Anderson failed to preserve this enumeration of error for appeal by not making timely objections at trial. *Prince v. State*, 257 Ga. 84 (7) (355 SE2d 424) (1987) and

cits.

15. In enumerated error 20, the appellant contends that the trial court exceeded the limits of its discretion in sentencing him to consecutive terms of imprisonment after the jury had rejected the death penalty and recommended mercy without specifying that the life sentences run consecutively. *Anglin v. State*, 244 Ga. 1 (1) (257 SE2d 513) (1979), upon which the appellant relies, was overruled in *Welch v. State*, 254 Ga. 603 (2) (331 SE2d 573) (1985). *Cargill v. State*, 256 Ga. 252 (2) (347 SE2d 559) (1986).

16. We have reviewed all the evidence in light of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and find in the light most favorable to the jury's verdict that a rational trier of fact could have found Anderson guilty of armed robbery and two counts of malice murder beyond a reasonable doubt.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 10, 1988.

*Joseph J. Saia,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellee.