A90A1686. CONEY v. THE STATE.
(401 SE2d 304)

CARLEY, Judge.
After a jury trial, appellant was found guilty of two counts of rape and one count of robbery by force. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. On the night of the rapes, an officer, who had a warrant for appellant's arrest on an unrelated crime, heard a police report that

appellant was being sought as a rape suspect. The officer thereafter saw appellant and asked him to "come here for a moment." Appellant fled and the officer gave chase. After catching appellant, the officer stated that he had a warrant for appellant's arrest. At that point, appellant made a statement which incriminated him as the perpetrator of the rapes. The admission into evidence of this incriminating statement is enumerated as error. The contention is that it was a custodial statement which should have been furnished to appellant pursuant to his request under OCGA § 17-7-210.

"Although a defendant's statement need not be a product of custodial *interrogation* to be discoverable pursuant to OCGA § 17-7-210, it must have been made while in police custody. [Cit.]" (Emphasis in original.) *McCoy v. State*, 174 Ga. App. 621, 624 (4) (330 SE2d 746) (1985). The fact that the officer "caught" appellant and told him of the arrest warrant indicates that appellant was indeed in police custody. Thus, OCGA § 17-7-210 would be applicable and the State's failure to comply with the mandate of that discovery provision would render the statement inadmissible. See *McKenzie v. State*, 187 Ga. App. 840, 848 (11) (371 SE2d 869) (1988). Compare *Hudgins v. State*, 176 Ga. App. 719 (1) (337 SE2d 378) (1985); *Webb v. State*, 179 Ga. App. 101 (345 SE2d 648) (1986). "Nonetheless, we find it highly probable that the admission of this evidence did not contribute to the verdict because the evidence against appellant was overwhelming. [Cit.]" *Gilbert v. State*, 193 Ga. App. 283, 285 (1) (388 SE2d 18) (1989). The two rapes occurred in close proximity to each other on the same night. Appellant was positively identified by both victims, one of whom already knew his name, and by an eyewitness at the scene of the second rape. " 'This is a plain and simple case of the evidence of the appellant's guilt, exclusive of the custodial statement, being overwhelming. Accordingly, the (S)tate's failure to (timely) provide the appellant with a (written copy of his) . . . in-custody statement was harmless error.' [Cits.]" *Russell v. State*, 183 Ga. App. 209, 210 (1) (358 SE2d 631) (1987).

2. "As for appellant's contention that the trial court violated OCGA § 17-8-57 when he propounded questions concerning [one of the rapes], ' "[t]he question of whether (OCGA § 17-8-57) has been violated is not reached unless an objection or motion for mistrial is made." (Cit.)' [Cit.] Neither was made in the case at bar." *Mathis v. State*, 194 Ga. App. 498, 499-500 (3) (391 SE2d 130) (1990).

3. In related enumerations of error, appellant contends that references to the officer's possession of an arrest warrant in an unrelated case impermissibly placed his character in evidence.

"The [reference] to the 'warrant' . . . [was] part of . . . the circumstances surrounding the accused's arrest. . . . [A]ll circumstances surrounding an arrest are admissible for whatever value the jury

desires to place on them. [Cits.]" *Fuqua v. State*, 183 Ga. App. 414, 419-20 (1c) (359 SE2d 165) (1987). "Where evidence may incidentally put character in issue or be prejudicial it may be admitted if otherwise relevant. [Cits.]" *Ivester v. State*, 252 Ga. 333, 336 (2) (313 SE2d 674) (1984). The warrant, as a circumstance of the arrest, was " 'certainly "relevant to the issues on trial" as required by *Momon (v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982)). (Cits.)' [Cit.]" *Duren v. State*, 177 Ga. App. 421, 424 (3) (339 SE2d 394) (1986). See also *Cheney v. State*, 167 Ga. App. 757, 758 (2) (307 SE2d 288) (1983).

 *Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 7, 1991.

*Walters, Davis, Smith, Meeks & Pittman, Thomas H. Pittman*, for appellant.
 *David E. Perry, District Attorney, Diane L. Perry, A. Douglas Newsome, Assistant District Attorneys*, for appellee.