A92A0002. RIFE v. THE STATE.
(416 SE2d 864)

Sognier, Chief Judge.

Edward Matthew Rife was convicted of armed robbery, and he appeals from the denial of his motion for a new trial.

In his sole enumeration of error, appellant contends the trial court erred by denying his motion in limine to exclude an oral statement he had made in police custody that he had robbed the victim but not with a knife, as charged. Appellant asserts the statement should have been excluded under OCGA § 17-7-210 (d) because the State had failed to provide him with a copy of the statement at least ten days prior to trial pursuant to his OCGA § 17-7-210 (a), (b) written request. The record reveals that with trial scheduled for January 16, 1991, the demand for production of copies of custodial statements was made by appellant on January 3; the hearing on this demand was held January 9; police officers, in response to a request by appellant, came to his prison cell on Thursday, January 10 and that appellant, after being informed of his rights, made the statement in issue; the prosecutor learned of the statement from the officers involved on Tuesday, January 15, and immediately informed appellant's counsel; and trial was held, as scheduled, the following day.

OCGA § 17-7-210 provides in pertinent part: "(a) At least ten days prior to the trial of the case, the defendant shall be entitled to have a copy of any statement given by him while in police custody. The defendant may make his request for a copy of any such statement, in writing, within any reasonable period of time prior to trial. . . . (e) This Code section shall not apply to evidence discovered after a request has been filed. If a request has been filed, such evidence shall be produced as soon as possible after it has been discovered."

Because the record clearly establishes that the statement in issue was made *after* appellant's request was filed and only six days prior to trial, subsection (e) of OCGA § 17-7-210 excused the State from

complying with the ten day notice period in subsection (a). See *Broomall v. State*, 260 Ga. 220, 222 (2) (391 SE2d 918) (1990). *Talley v. State*, 251 Ga. 42 (302 SE2d 355) (1983), cited by appellant, is distinguishable from the case sub judice because the statement in *Talley* was not "newly discovered" within the meaning of OCGA § 17-7-210 (e) in that it was made during questioning at the time of the accused's arrest and was known to law enforcement officers (and thus the prosecution) prior to the filing of the request for copies of custodial statements.

The transcript reveals that the trial court considered appellant's argument that subsection (e) was not applicable because the statement was not produced "as soon as possible" and rejected that argument on the basis that only two working days had elapsed between the making of the statement and its production. We find no abuse of the trial court's discretion in deciding that the statement was produced as soon as possible. See *Broomall*, supra. See generally *Lee v. State*, 258 Ga. 481, 483 (6) (371 SE2d 389) (1988) ("[o]n appeal, a trial court's findings as to factual determinations . . . relating to the admissibility of a statement will be upheld unless clearly erroneous. [Cit.]")

However, even if the statement made on Thursday morning was not produced as soon as possible when provided on Tuesday afternoon, we have carefully reviewed the transcript, which reveals that except for appellant all the witnesses to the robbery, namely, the victim and appellant's accomplice, testified that appellant used a knife to force the victim to give up his wallet during the robbery, and thus we find it highly probable that the admission of the statement did not contribute to the verdict because the evidence against appellant was overwhelming. See *Coney v. State*, 198 Ga. App. 272, 273 (1) (401 SE2d 304) (1991). Accordingly, the State's failure to timely provide appellant with a written copy of his in-custody statement was harmless error. Id.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 12, 1992.

*Chance, Maddox & Smith, Wade H. Everett, Suzanne H. Hutchinson, for appellant.*

*Darrell E. Wilson, District Attorney, Paul Carden, Assistant District Attorney, for appellee.*