A94A0214. RAMSEY v. THE STATE.
(442 SE2d 15)

JOHNSON, Judge.

Ernest Ramsey appeals from his convictions of two counts of possession of cocaine with intent to distribute.

1. Ramsey contends that the evidence was insufficient to support his convictions. The evidence at the close of the State's case showed that on February 27, 1992, a police informant purchased crack cocaine from Ramsey. On March 2, 1992, the same informant again purchased crack cocaine from Ramsey. On both occasions, a police detective had

placed a radio transmitter on the informant's body and was able to monitor the conversations surrounding the transactions. The detective was also able to visually observe the transactions to a limited extent. Both the informant who purchased the cocaine and the detective who monitored the transactions testified at trial. We find that the evidence was sufficient to authorize a rational trier of fact to find Ramsey guilty beyond a reasonable doubt of possession of cocaine with intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Ramsey contends that it was error to admit into evidence a statement he made while in police custody for the charged offenses. After being read his *Miranda* rights, Ramsey gave the following statement: "I get my rocks fronted to me by a guy named Putt, from Chattanooga TN, and he drives a blue 1978 Buick Skylark. He has fronted me half an 8-ball before. I guess you could say that I sell for myself. Jim Betton sells for Putt to (sic)." (Exh. # 4.) The statement was reduced to writing by the detective and signed by Ramsey. Ramsey's only objection to the statement's admissibility is that it was unduly prejudicial and not relevant to the crimes charged.

"Where evidence is challenged on the ground that its probative value is outweighed by its tendency to unduly prejudice the jury, the trial court must exercise its discretion in determining admissibility." (Citation omitted.) *Carroll v. State*, 261 Ga. 553, 554 (2) (408 SE2d 412) (1991). Since Ramsey was charged with possession of cocaine with intent to distribute, we find no abuse of discretion by the court in admitting the statement. However, even if the statement was not relevant to the crimes charged and was erroneously admitted, it would not necessarily follow that Ramsey's conviction must be reversed. "[A] conviction will be affirmed despite error if the error is harmless beyond a reasonable doubt. When determining if error is harmless error, the test is not whether there was sufficient evidence on which the defendant could have been convicted but whether the evidence complained of may have influenced the verdict. . . . [O]verwhelming evidence of the defendant's guilt can negate the possibility that the error contributed to the conviction." (Citations and punctuation omitted.) *Greer v. State*, 201 Ga. App. 775, 776 (2) (412 SE2d 843) (1991); *Williams v. State*, 185 Ga. App. 780, 781 (366 SE2d 200) (1988). In this case, a witness testified that he twice purchased cocaine from Ramsey and a detective testified that he observed both transactions taking place. "This is a plain and simple case of the evidence of the appellant's guilt, exclusive of the custodial statement, being overwhelming." (Citations and punctuation omitted.) *Coney v. State*, 198 Ga. App. 272, 273 (1) (401 SE2d 304) (1991). In view of the overwhelming evidence in this case, we hold that the admission of Ramsey's statement did not contribute to the guilty verdict. *Rife v.*

*State*, 203 Ga. App. 353, 354 (416 SE2d 864) (1992); *Morgan v. State*, 181 Ga. App. 150, 151 (351 SE2d 497) (1986).

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED MARCH 16, 1994.

*Michael A. Corbin*, for appellant.

*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney*, for appellee.